UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| TAMMI LOCKHART CIMIOTTA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CITY OF QUINTANA, TEXAS, | ) | |
| FREEPORT LNG DEVELOPMENT, | ) | |
| L.P., VENANZIO "MIKE" CASSATA, | ) | |
| in his official and individual capacities, | ) | |
| JUDITH CAMILLE TYNER, in her | ) | Civil Action No.  3:25-cv-00220 |
| official and individual capacities, SUE | ) | |
| ANN TULEY, in her official and | ) | |
| individual capacities, STEVE GRANT | ) | |
| ALONGIS, in his official and | ) | |
| individual capacities,  REBECCA | ) | |
| BUTTON, in her official and individual | ) | |
| capacities, and SHARI LYNN | ) | |
| WRIGHT, in her individual capacity, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT FREEPORT LNG DEVELOPMENT, L.P.'S
MOTION TO DISMISS UNDER FRCP 12(B)(6)**

YETTER COLEMAN LLP
James E. Zucker
Alishan Alibhai
Henry J. Humphreys
811 Main Street, Suite 4100
Houston, Texas 77002

# TABLE OF CONTENTS

Introduction and Summary of the Argument.................................................................. 1

Facts…........................................................................................................................... 2

Governing Standards ..................................................................................................... 5

Arguments and Authorities............................................................................................ 7

I.    Plaintiff's § 1983 claim against Freeport LNG (Count 2) fails because the
      Complaint does not plead state action or any specific allegations involving
      Freeport LNG. .................................................................................................... 7
      A.    Plaintiff fails to allege state action as to Freeport LNG. .............................. 7
      B.    Plaintiff fails to allege any specific, affirmative action by Freeport
            LNG. ....................................................................................................... 10

II.   Plaintiff fails to state a civil RICO claim under 18 U.S.C. § 1962(b).................... 11
      A.    Plaintiff does not allege any predicate acts committed by Freeport
            LNG. ....................................................................................................... 11
      B.    Plaintiff's alleged state-law violations are not racketeering activity. ......... 14
      C.    Plaintiff has not adequately alleged statutory standing or proximate
            causation. ................................................................................................. 16

III.  Plaintiff fails to adequately allege a RICO conspiracy under 18 U.S.C.
      § 1962(d). .......................................................................................................... 17

Conclusion .................................................................................................................. 20

Certificate of Service ................................................................................................... 21

# TABLE OF AUTHORITIES

**PAGE(S)**

**Cases**

*Abraham v. Singh*,
   480 F.3d 351 (5th Cir. 2007) ................................................................ 14

*Adickes v. S.H. Kress & Co.*,
   398 U.S. 144 (1970) ............................................................................ 9

*Altholz v. Citimortgage, Inc.*,
   2012 WL 12886979 (N.D. Tex. 2012) .................................................. 20

*Anza v. Ideal Steel Supply Corp.*,
   547 U.S. 451 (2006) ...................................................................... 16, 17

*Arias-Benn v. State Farm Fire & Cas. Ins. Co.*,
   495 F.3d 228 (5th Cir. 2007) .................................................................. 2

*Arsenaux v. Roberts*,
   726 F.2d 1022 (5th Cir. 1982) ............................................................... 9

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ............................................................................. 6

*Beck v. Prupis*,
   529 U.S. 494 (2000) ........................................................................... 18

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ............................................................................. 6

*Brinkmann v. Johnston*,
   793 F.2d 111 (5th Cir. 1986) ........................................................... 8, 10

*Chaney v. Dreyfus Serv. Corp.*,
   595 F.3d 219 (5th Cir. 2010) ......................................................... 18, 19

*Cinel v. Connick*,
   15 F.3d 1338 (5th Cir. 1994) ......................................................... 4, 6, 7

*Crowe v. Henry*,
   43 F.3d 198 (5th Cir. 1995) ................................................................ 14

*DiVittorio v. Equidyne Extractive Ind., Inc.*,
  822 F.2d 1242 (2d Cir. 1987) ..................................................................... 14

*FMC Intern. A.G. v. ABB Lummus Global, Inc.*,
  2006 WL 213948 (S.D. Tex. 2006) .............................................................. 14

*George v. SI Grp., Inc.*,
  2021 WL 5095981 (5th Cir. 2021) ................................................................. 4

*Gonzalez v. Bank of Am.*,
  2011 WL 13261985 (S.D. Tex. 2011) ........................................................... 11

*Gonzalez v. Kay*,
  577 F.3d 600 (5th Cir. 2009) ......................................................................... 6

*Goren v. New Vision Intern., Inc.*,
  156 F.3d 721 (7th Cir. 1998) ....................................................................... 13

*HCB Fin. Corp. v. McPherson*,
  8 F.4th 335 (5th Cir. 2021) .......................................................................... 16

*Heinze v. Tesco Corp.*,
  971 F.3d 475 (5th Cir. 2020) ....................................................................... 13

*Holmes v. Sec. Inv. Prot. Corp.*,
  503 U.S. 258 (1992) ..................................................................................... 16

*In re Burzynski*,
  989 F.2d 733 (5th Cir. 1993) ....................................................................... 11

*Jackson v. NAACP*,
  546 Fed. App'x 438 (5th Cir. 2013) ............................................................. 16

*Lightning Lube, Inc. v. Witco Corp.*,
  4 F.3d 1153 (3d Cir. 1993) .......................................................................... 16

*Lugar v. Edmonson Oil Co.*,
  457 U.S. 922 (1982) ........................................................................ 7, 8, 9, 10

*Manhattan Cmty. Access Corp. v. Halleck*,
  587 U.S. 802 (2019) ....................................................................................... 7

*Morin v. Trupin*,
  747 F. Supp. 1051 (S.D.N.Y. 1990) ............................................................. 12

*Orozco v. CVS Health Corp.*,
   2025 WL 1402280 (N.D. Tex. 2025) ................................................................ 15

*Pearson v. Shriners Hosps. for Children, Inc.*,
   133 F.4th 433 (5th Cir. 2025) ........................................................................... 7

*Polacek v. Kemper Cnty.*,
   739 F. Supp. 2d 948 (S.D. Miss. 2010) .................................................. 7, 8, 10

*Priester v. Lowndes Cnty.*,
   354 F.3d 414 (5th Cir. 2004) .......................................................................... 7, 9

*Sedima, S.P.R.L. v. Imrex Co., Inc.*,
   473 U.S. 479 (1985) ......................................................................................... 16

*Skilling v. United* States,
   561 U.S. 358 (2010) ................................................................................... 15, 16

*SMS Mktg. & Telecomm'ns, Inc. v. H.G. Telecom, Inc.*,
   949 F. Supp. 134 (E.D.N.Y. 1996) .................................................................. 11

*Southland Sec. Corp. v. INSpire Ins. Sols., Inc.*,
   365 F.3d 353 (5th Cir. 2004) ........................................................................... 18

*State Farm Mut. Auto. Ins. Co. v. Complete Pain Sols., LLC*,
   2024 WL 3488256 (S.D. Tex. 2024) ................................................................ 18

*Steed v. HB1 Alt. Holdings, LLC*,
   2024 WL 1590159 (S.D. Tex. 2024) ................................................................ 19

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
   551 U.S. 308 (2007) ........................................................................................... 6

*Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.*,
   975 F.2d 1134 (5th Cir. 1992) ......................................................................... 13

*United States v. Faulkner*,
   17 F.3d 745 (5th Cir. 1994) ............................................................................. 18

*United States v. Sharpe*,
   193 F.3d 852 (5th Cir. 1999) ........................................................................... 18

*United States v. Sutherland*,
   656 F.2d 1181 (5th Cir. 1981) ......................................................................... 11

*Walker v. Beaumont Indep. Sch. Dist.*,
   938 F.3d 724 (5th Cir. 2019) .................................................................... 13

**Statutes**

18 U.S.C. § 1346 ....................................................................................... 15

18 U.S.C. § 1961(1) ................................................................................... 15

18 U.S.C. § 1961(1)(A) .................................................................. 14, 15, 17

18 U.S.C. § 1961(5) ................................................................................... 14

18 U.S.C. § 1962 ................................................................................. 11, 16

18 U.S.C. § 1962(b) ........................................................................... passim

18 U.S.C. § 1962(c) ............................................................................ 13, 18

18 U.S.C. § 1962(d) ......................................................... 2, 5, 17, 18

18 U.S.C. § 1964 ....................................................................................... 11

18 U.S.C. § 1964(c) ................................................................................... 16

Tex. Loc. Gov't Code § 22.037(a) ............................................................. 3

Tex. Loc. Gov't Code § 171.004 .............................................................. 15

**Rules**

Federal Rule of Civil Procedure 12(b)(6) .......................................... passim

**Other Authorities**

5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1287, at 590 (1990) .......... 13

*City Council,* QUINTANATX, https://quintanatx.org/city-council/ (last visited Aug. 29, 2025)…………………………………………………………………………………….4

**INTRODUCTION AND SUMMARY OF THE ARGUMENT**

Plaintiff Tammi Lockhart Cimiotta served as the City Administrator for the City of Quintana, Texas until her suspension and termination in April 2025. On July 14, 2025, Plaintiff filed her Original Complaint. Dkt. 1. On August 4, 2025, Plaintiff filed her Amended Original Complaint. Dkt. 19. Plaintiff alleges the City Council terminated her employment in retaliation because she raised concerns regarding the Council's failure to increase the City's revenue from Defendant Freeport LNG Development, L.P. (Freeport LNG), which operates its liquefied natural gas facility on Quintana Island, but outside the limits of the City of Quintana.

Plaintiff's Amended Complaint lobs a kitchen sink of federal statutory and constitutional allegations at every person and entity within shouting distance of the City of Quintana—but it never lands on Freeport LNG. Not one paragraph identifies a conversation Freeport LNG had, a document Freeport LNG sent, a decision Freeport LNG made, or a single act Freeport LNG took involving Plaintiff. Instead, Plaintiff strings together innocuous, arm's-length facts—Freeport LNG owns property in Quintana and employs some residents—and leaps to the unsupported conclusion that Freeport LNG must have "orchestrated" her firing. Conclusory speculation is no substitute for well-pleaded facts, and Federal Rule 12(b)(6) warrants dismissal of Plaintiff's claims against Freeport LNG for the following reasons.

***First***, Plaintiff's joint-action and conspiracy theories under § 1983 fail because she does not allege state action with respect to Freeport LNG. Specifically, the Amended

Complaint pleads no specific allegations necessary to show an "agreement or meeting of the minds" between Freeport LNG and the City of Quintana.

*Second*, Plaintiff fails to plead a civil RICO claim against Freeport LNG under 18 U.S.C. § 1962(b). RICO liability requires that each defendant commit at least two predicate acts. Plaintiff pleads four supposed predicates, but none are attributable to Freeport LNG. Many of Plaintiff's pleaded predicates are also not recognized under the federal RICO statute for a variety of reasons, and Plaintiff never draws a connection between her alleged injuries and the alleged predicate acts.

*Finally*, Plaintiff's civil RICO conspiracy claim under 18 U.S.C. § 1962(d) fails for the same reasons. Even if an underlying RICO violation existed, the Amended Complaint offers only boilerplate allegations of each defendant's knowledge that are insufficient to allege conspiracy.

Accordingly, defendant Freeport LNG respectfully files this Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6) and requests that every claim against Freeport LNG be dismissed with prejudice.

### FACTS[1]

Freeport LNG operates a liquified natural gas facility on Quintana Island, outside of Quintana's city limits, in Texas. Dkt. 19, Am. Compl. ¶ 15. In 2004, Freeport LNG and

---

[1]  Freeport LNG does not concede the veracity of any of Plaintiff's allegations, but recognizes that for the purpose of this Motion to Dismiss under Rule 12(b)(6), "the well-pleaded facts alleged in her complaint are accepted as true and the allegations are construed in the light most favorable to her." *Arias-Benn v. State Farm Fire & Cas. Ins. Co.*, 495 F.3d 228, 230 (5th Cir. 2007).

the City of Quintana executed an Industrial District Contract under which Freeport LNG pays Quintana a "payment in lieu of taxes" (PILOT).[2] *Id.* ¶¶ 15–16. The contract details a formula for calculating the PILOT and contains an automatic escalator. *Id.*

Plaintiff Tammi Lockhart Cimiotta served as City Administrator for the City of Quintana until April 2025. *Id.* ¶¶ 1, 30. Quintana is a Type-A general-law municipality governed by a mayor and five City Council members; the mayor presides over council meetings and votes only in the event of a tie. *Id.* ¶ 7; Tex. Loc. Gov't Code § 22.037(a).

Plaintiff alleges that in March 2025, she advised the City Council that "it should consider renegotiating the PILOT rate or failing agreement," annex the property and collect ad valorem taxes. Am. Compl. ¶ 28. According to Plaintiff, the certified appraised value of Freeport LNG's facilities remains "significantly understated" for tax purposes, resulting in a suppressed municipal tax base. *Id.* ¶ 17. A meeting with Freeport LNG was purportedly scheduled to discuss these issues. *Id.* ¶ 29.

According to Plaintiff, after an "unposted 'executive session'" where the Mayor declared that "the Council had 'lost confidence' in Plaintiff," the Council decided by a 3-2 vote to place Plaintiff on a 30-day suspension. *Id.* ¶ 30. Plaintiff avers that her property was removed from City Hall and her access to her computer and City Hall were revoked. *Id.* Plaintiff claims that she received no written charges, no opportunity to respond, and no post-termination hearing. *Id.* ¶ 31.

---

[2]    The parties to the PILOT contract are the "Town of Quintana" and "FLNG Land, Inc," an affiliate of Freeport LNG.

Plaintiff sued the City of Quintana, six individual defendants, and Freeport LNG. Four of the six individual defendants are part of what Plaintiff characterizes as Quintana's "conflicted city council." *Id.* ¶ 21. Plaintiff has not alleged any connection to Freeport LNG for two of the listed City Council members. And puzzlingly, Plaintiff does not sue or even mention Adam Valadez, Quintana's fifth City Council member. *See City Council,* Quintana TX, https://quintanatx.org/city-council/ (last visited Aug. 29, 2025) (listing five voting members, including Valadez).[3] Plaintiff also names the current and former Mayors of the City of Quintana, neither of whom can vote as Council members absent a tie. An overview of Plaintiff's allegations with respect to these individuals is below:

| Individual | Voting City Council Member? | Named as Defendant? | Alleged Connection to Freeport LNG |
|---|---|---|---|
| Venanzio "Mike" Cassata | No (Current Mayor) | Yes | - Listed a Freeport LNG-owned house as his Quintana residence on his ballot application while maintaining homestead in Magnolia, Texas. Am. Compl. ¶ 8, 22. <br><br> - Notary for application is Freeport LNG employee. *Id.* ¶ 22. |
| Shari Lynn Wright | No (Former Mayor) | Yes | - "*was* employed" as Training Coordinator for Freeport LNG. *Id.* ¶ 27.[4] |
| Judith Camille Tyner | Yes | Yes | - No allegations regarding any connection to Freeport LNG or conflicts of interest. |

---

[3]  The court may take judicial notice of and consider the City's website as a matter of public record. *Cinel v. Connick*, 15 F.3d 1338, 1343, n.6 (5th Cir. 1994) ("In deciding a 12(b)(6) motion to dismiss, a court may permissibly refer to matters of public record."); *George v. SI Grp., Inc.*, 2021 WL 5095981, at *2 (5th Cir. 2021).

[4]  Unless otherwise noted, all emphasis in this motion has been added.

| Individual | Voting City Council Member? | Named as Defendant? | Alleged Connection to Freeport LNG |
|---|---|---|---|
| Sue Ann Tuley | Yes | Yes | - No allegations regarding any connection to Freeport LNG or conflicts of interest. |
| Steven Grant Alongis | Yes | Yes | - "*previously*" performed landscaping for Freeport LNG. *Id.* ¶ 25.<br>- "*has sold* four personal properties" to Freeport LNG entities. *Id.* |
| Rebecca Button | Yes | Yes | - Employed as Senior Regulatory Affairs Specialist for Freeport LNG. *Id.* ¶ 26.<br><br>- Lives in a home owned by a Freeport LNG subsidiary. *Id.* ¶ 12. |
| Adam Valadez | Yes | No | - No allegations regarding any connection to Freeport LNG or conflicts of interest. |

Plaintiff also sued Freeport LNG for: (1) violations of 42 U.S.C. § 1983 based on theories of conspiracy and joint action (Count 2); (2) civil RICO under 18 U.S.C. § 1962(b) (Count 3); and (3) RICO conspiracy under 18 U.S.C. § 1962(d) (Count 5). The Amended Complaint identifies no communication between Freeport LNG and any Quintana official concerning Plaintiff's employment, nor does it plead who at Freeport LNG supposedly reached any agreement, when or where such an agreement was formed, or what was said. Indeed, the pleaded facts allege no affirmative conduct by Freeport LNG at all.

## GOVERNING STANDARDS

Motions brought under Rule 12(b)(6) allow parties to move for dismissal of an action when a plaintiff's complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Each claim must include enough factual allegations "to raise a

right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

The Supreme Court has established a two-step approach for assessing the sufficiency of a complaint challenged by a Rule 12(b)(6) motion. First, courts should identify and disregard any conclusory allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009). Next, courts should consider the allegations to determine if they "plausibly suggest an entitlement to relief." *Id.*

Courts must determine whether the complaint states a claim for relief that is plausible on its face: "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678). Along with the allegations in the operative complaint, courts evaluating a motion to dismiss consider documents attached or incorporated into the complaint by reference, matters of which the court may take judicial notice, and matters of public record. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *Cinel*, 15 F.3d at 1343, n.6.

### ARGUMENTS AND AUTHORITIES

**I.    Plaintiff's § 1983 claim against Freeport LNG (Count 2) fails because the Complaint does not plead state action or any specific allegations involving Freeport LNG.**

Plaintiff's conspiracy and joint action claim under 42 U.S.C. § 1983 fails because Plaintiff has not alleged state action as to Freeport LNG and the Amended Complaint does not allege any Freeport LNG-specific conduct.

### A.    Plaintiff fails to allege state action as to Freeport LNG.

"To bring a claim under § 1983, a plaintiff must first show state action." *Pearson v. Shriners Hosps. for Children, Inc.*, 133 F.4th 433, 443 (5th Cir. 2025) (citing *Priester v. Lowndes Cnty.*, 354 F.3d 414, 421 (5th Cir. 2004)). A private actor's conduct is deemed state action for § 1983 purposes in only "a few limited circumstances." *Id.* (quoting *Manhattan Cmty. Access Corp. v. Halleck*, 587 U.S. 802, 809 (2019)).

Plaintiff relies specifically on the "joint action" doctrine under the Supreme Court's decision in *Lugar v. Edmonson Oil Co.*, 457 U.S. 922 (1982). Under this doctrine, § 1983 claims against private actors may proceed if the private actor was a "'willful participant in joint activity with the State or its agents.'" *Priester*, 354 F.3d at 420 (quoting *Cinel*, 15 F.3d at 1343). To hold a private actor liable under § 1983, "the plaintiff must allege facts showing an agreement or meeting of the minds between the state actor and the private actor to engage in a conspiracy to deprive the plaintiff of a constitutional right." *Polacek v. Kemper Cnty.*, 739 F. Supp. 2d 948, 952 (S.D. Miss. 2010).

Importantly, allegations of a purported conspiracy or agreement "that are merely conclusory, without reference to specific facts, will not suffice." *Priester*, 354 F.3d at 420

(citing *Brinkmann v. Johnston*, 793 F.2d 111, 113 (5th Cir. 1986)). For instance, in *Polacek*, a former employee sued her previous employers, two individual defendants, for bringing false accusations against her to the police in alleged retaliation for her whistleblowing. 739 F. Supp. 2d at 949. The former employee's complaint lacked any specific allegation as to an agreement between the private defendants and the police, merely averring that they were liable "for acting in agreement or in concert with the [police] to cause Plaintiff's arrest and prosecution without probable cause in violation of the Fourth Amendment." *Id.* at 950. The court granted the employers' motion to dismiss, holding that "it is not enough merely to recite that there was an agreement or that defendants conspired or acted in concert, **for these are *conclusions*, not *facts*.**" *Id.* at 952 (italics in original).

Plaintiff's Amended Complaint is plagued by the same deficiencies. Plaintiff only offers conclusory allegations that there was an agreement between Freeport LNG and city officials to retaliate against Plaintiff:

- "Acting in concert with City officials, [Freeport LNG] became a state actor for § 1983 purposes by jointly orchestrating Plaintiff's termination." Am. Compl. ¶ 13.

- "Defendants reached an understanding to retaliate against Plaintiff to preserve Freeport LNG's PILOT arrangement. Overt acts include the unposted executive session, orchestrated vote, and instantaneous lockout. Under *Lugar v. Edmonson Oil Co.*, 457 U.S. 922 (1982), Freeport LNG's participation rendered it a state actor." *Id.* ¶ 36.

But Plaintiff cannot "merely recite that there was an agreement or that defendants conspired or acted in concert" without reference to any specific facts—"these are *conclusions*, not *facts*." *See Polacek*, 739 F. Supp. 2d at 952 (emph. in original). Plaintiff never identifies who at Freeport LNG supposedly communicated with which City official,

- 8 -

when, where, or what was said. Such threadbare accusations do not survive Rule 12(b)(6). In *Priester*, the court affirmed dismissal of a § 1983 case against a private actor precisely because "the complaint [did] not allege an agreement between [the private actor] and the [state defendants] to commit an illegal act, nor [did] it allege specific facts to show an agreement." 354 F.3d at 420; *see also Arsenaux v. Roberts*, 726 F.2d 1022, 1024 (5th Cir. 1982) ("The conspiracy allegations made by Arsenaux are conclusory, and more than a blanket of accusation is necessary to support a § 1983 claim.").

Plaintiff's remaining allegations do not create a plausible inference of the existence of a conspiracy or agreement between Freeport LNG and the City Council of Quintana. Plaintiff concedes that two of the City Council members it sued—Tyner and Tuley—have no connection whatsoever to Freeport LNG. *See* Am. Compl. ¶¶ 2, 9, 11, 24. Plaintiff likewise does not allege that Mayor Cassata or former Mayor Wright, neither of whom possessed a vote absent a tie, had any communication with Freeport LNG regarding Plaintiff or her employment status. *See id.* ¶¶ 8, 14, 22, 27. As for Alongis, Plaintiff alleges only historical employment performing landscaping services and arm's-length real-estate transactions with Freeport LNG. *Id.* ¶ 25. Plaintiff alleges that Button is currently employed by Freeport LNG, but nothing more. *Id.* ¶ 26. These allegations do not show that a majority of the Council has any connection to Freeport LNG, let alone any agreement to retaliate against Plaintiff or that Freeport LNG "was a willful participant in joint activity with the State or its agents." *Lugar*, 457 U.S. at 941 (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 151 (1970)).

Plaintiff further contends that Freeport LNG has purchased "roughly 70 percent of the private real estate in Quintana" since 2013 and that several City Council members either work for Freeport LNG or claim residence in Freeport LNG-owned housing. Am. Compl. ¶¶ 20, 21. Even if accepted as true, these allegations offer no factual basis from which to infer an agreement or meeting of the minds between Freeport LNG and Quintana officials to deprive Plaintiff of a constitutional right.

### B.    Plaintiff fails to allege any specific, affirmative action by Freeport LNG.

Plaintiff's reliance on the Supreme Court's decision in *Lugar v. Edmonson Oil* to deem Freeport LNG a "state actor" is misplaced. That decision, and similar precedent in the Fifth Circuit, are about converting *private* conduct into *state* action for purposes of § 1983. *See Lugar*, 457 U.S. at 942 (holding that private parties' *participation* in depriving plaintiff of his property was state action); *Brinkmann*, 793 F.2d at 112 (noting that "*private acts* may support an action for liability under 42 U.S.C. § 1983"); *Polacek*, 739 F. Supp. 2d at 953 (holding that plaintiff's factual allegations "do not indicate the type of joint action necessary to convert the private defendants' actions into state action").

Here, Plaintiff seeks the converse: she is attempting to graft *state* action—*i.e.*, the Quintana City Council's decision to terminate her position—onto a *private* actor. The Amended Complaint is bereft of *any* specific allegations of supposed conduct by Freeport LNG that led or contributed to the Council's decision to terminate Plaintiff. Plaintiff's claimed injuries flow exclusively from governmental acts—an executive session, a Council vote, and her lockout—none of which involved Freeport LNG. *See* Am. Compl. ¶¶ 30, 36.

## II.     Plaintiff fails to state a civil RICO claim under 18 U.S.C. § 1962(b)

Plaintiff pleads a civil RICO violation against Freeport LNG based on 18 U.S.C. § 1962(b), which provides:

> It shall be unlawful for any person through a pattern of racketeering activity or through collection of an unlawful debt to acquire or maintain, directly or indirectly, any interest in or control of any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce.

This claim is not actionable against Freeport LNG for three reasons: first, Plaintiff does not allege a single predicate act committed by Freeport LNG; second, most of Plaintiff's alleged "predicate acts" are not "racketeering activity" within the meaning of the statute; and third, Plaintiff fails to adequately plead causation or statutory standing.

### A.     Plaintiff does not allege any predicate acts committed by Freeport LNG.

Liability under the civil RICO statute requires proving that a defendant acquired control of an enterprise "through a pattern of racketeering activity." 18 U.S.C. § 1962(b). To validly plead a civil RICO claim, a plaintiff must allege that "*each* defendant commit[ted] at least two predicate acts within ten years." *See Gonzalez v. Bank of Am.*, 2011 WL 13261985, at *5 (S.D. Tex. 2011) (emph. in original) (citing *In re Burzynski*, 989 F.2d 733, 742 (5th Cir. 1993)); *see also United States v. Sutherland*, 656 F.2d 1181, 1203 (5th Cir. 1981) ("The substantive crime[5] does require each defendant to have committed at least two predicate acts of racketeering activity . . . ."); *SMS Mktg. & Telecomm'ns, Inc. v. H.G. Telecom, Inc.*, 949 F. Supp. 134, 143 (E.D.N.Y. 1996) ("A RICO claim must charge

---

[5]     The RICO statute's criminal and civil liability provisions both require an underlying RICO violation under 18 U.S.C. § 1962. *See* 18 U.S.C. § 1964 (providing for civil remedies based on violations of § 1962); § 1963 (criminal penalties).

each named defendant with the commission of two or more predicate acts of racketeering activity."); *Morin v. Trupin*, 747 F. Supp. 1051, 1064 (S.D.N.Y. 1990) (same).

Plaintiff acknowledges this standard by alleging without elaboration that "[e]ach Defendant knowingly and willfully participated in at least two acts of racketeering activity . . . ." Am. Compl. ¶ 45. But Plaintiff does not allege ***any*** predicate act committed by (or in any way involving) Freeport LNG.

Plaintiff alleges four predicate "racketeering acts" in support of her civil RICO claim:

- Wire and Mail Fraud, in which Plaintiff alleges that other (non-Freeport LNG) defendants misrepresented their place of permanent residence. *Id.* ¶ 41(a).

- Honest Services Fraud, in which Plaintiff alleges that other defendants failed to disclose material conflicts of interest. *Id.* ¶ 41(b).

- Obstruction of Governmental Proceedings, in which Plaintiff alleges that other defendants violated the Texas Open Meetings Act. *Id.* ¶ 41(c).

- Retaliation Against a Whistleblower, in which Plaintiff alleges other defendants violated the Texas Government Code in terminating her employment. *Id.* ¶ 41(d).

None of these alleged predicate acts has anything to do with Freeport LNG. The wire-and-mail-fraud predicate alleges actions by Mayor Cassata, the "City Secretary," and Claudia Cassata—but not by Freeport LNG. *Id.* ¶ 41(a). The honest-services-fraud predicate alleges omissions by "Multiple Councilmembers"—but not by Freeport LNG. *Id.* ¶ 41(b). The obstruction-of-governmental-proceedings predicate alleges actions by "the Mayor and conflicted Councilmember"—but, again, not by Freeport LNG. *Id.* ¶ 41(c). The retaliation-against-a-whistleblower predicate alleges that the timing of Plaintiff's

- 12 -

termination (presumably carried out by "the Mayor and conflicted Councilmembers") was unlawful, but there is no allegation in the Amended Complaint that Freeport LNG fired Plaintiff (nor could there be). *Id.* ¶ 41(c), (d).

Grasping for a connection, Plaintiff alleges that "Freeport LNG orchestrated or acquiesced in this scheme," but this conclusory statement is insufficient. *Id.* ¶ 44; *see Heinze v. Tesco Corp.*, 971 F.3d 475, 479 (5th Cir. 2020) (internal citation omitted) (noting that on a Rule 12(b)(6) motion, courts "do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions"). Plaintiff cannot simply "lump together" Freeport LNG with other defendants who are alleged to have committed predicate acts. *See Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 738 (5th Cir. 2019) ("A RICO plaintiff must plead the specified facts as to each defendant. It cannot lump together the defendants.") (cleaned up); *Goren v. New Vision Intern., Inc.*, 156 F.3d 721, 730 (7th Cir. 1998) ("[T]he amended complaint simply treats all the defendants as one; such 'lumping together' of defendants is clearly insufficient to state a RICO claim under 18 U.S.C. § 1962(c).").

Moreover, fraud-based predicate acts supporting a civil RICO claim must satisfy Rule 9(b)'s specificity pleading requirements. *Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1138 (5th Cir. 1992). Rule 9(b)'s "particularity requirement applies to the pleading of fraud as a predicate act in a RICO claim," requiring allegations "of the particulars of 'time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby.'" *Id.* (quoting 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1287, at 590 (1990)). Plaintiff's

conclusory allegations do not satisfy Rule 9(b) and fail to "inform [Freeport LNG] of the nature of [its] alleged participation in the fraud." *FMC Intern. A.G. v. ABB Lummus Global, Inc.*, 2006 WL 213948, at *4 (S.D. Tex. 2006) (quoting *DiVittorio v. Equidyne Extractive Ind., Inc.*, 822 F.2d 1242, 1247 (2d Cir. 1987)).

Because Plaintiff alleges no involvement by Freeport LNG in the alleged predicate acts, the civil RICO claim against Freeport LNG must be dismissed. Moreover, claims premised on § 1962(b) require a showing that the defendant "acquire[d] . . . control of an[] enterprise." *See Abraham v. Singh*, 480 F.3d 351, 357 (5th Cir. 2007) ("We have interpreted subsection (b) as stating that 'a person cannot acquire or maintain an interest in an enterprise through a pattern of racketeering.'") (quoting *Crowe v. Henry*, 43 F.3d 198, 203 (5th Cir. 1995)). Because Plaintiff does not allege *any* involvement by Freeport LNG in the alleged predicate acts, Plaintiff additionally fails to allege that Freeport LNG "acquire[d] . . . control" over the alleged enterprise.

### B.    Plaintiff's alleged state-law violations are not racketeering activity.

To state a claim under § 1962(b), Plaintiff must plead a "pattern of racketeering activity." This requires, among other things, "at least two acts of racketeering activity" by the defendant. 18 U.S.C. § 1961(5). The statutory definition of "racketeering activity" sets out several categories of predicate acts, the vast majority of which are federal violations. The only state-law violations that can serve as predicate acts of "racketeering activity" are defined in 18 U.S.C. § 1961(1)(A):

> Any act or threat involving **murder**, **kidnapping**, **gambling**, **arson**, **robbery**, **bribery**, **extortion**, dealing in **obscene matter**, or dealing in a **controlled substance** or listed chemical (as defined in section 102 of the Controlled

Substances Act), which is chargeable under State law and ***punishable by imprisonment for more than one year***.

In other words, if an allegation does not fall within the above list ***or*** is not punishable by more than one year imprisonment, then the allegation cannot serve as a predicate act for a RICO claim, even if the allegation is true. *See, e.g.*, *Orozco v. CVS Health Corp.*, 2025 WL 1402280, at \*9 (N.D. Tex. 2025) ("Of the state law crimes listed [in 18 U.S.C. § 1961(1)], unauthorized practice of law is not included. Thus, [the] alleged unauthorized practice of law, even if true, cannot serve as a predicate act for [the plaintiff's] RICO claim.").

Here, Plaintiff's alleged "predicate acts" include alleged state law violations of honest services fraud (Tex. Loc. Gov't Code § 171.004), obstruction of governmental proceedings (Texas Open Meetings Act), and retaliation against a whistleblower (Tex. Gov't Code ch. 554). Am. Compl. ¶ 41. None of these are enumerated in 18 U.S.C. § 1961(1)(A)'s exclusive list of state-law racketeering predicates.

Plaintiff also alleges "Honest Services Fraud" under 18 U.S.C. § 1346, but this predicate fails because the Supreme Court has limited that statute to bribery and kick-back schemes that Plaintiff has not alleged. *See Skilling v. United* States, 561 U.S. 358, 409 (2010) ("[W]e now hold that § 1346 criminalizes *only* the bribe-and-kickback core of the pre-*McNally* case law.") (emph. in original); *see also id.* at 404 ("[T]he pre-*McNally* cases involved fraudulent schemes to deprive another of honest services through bribes or kickbacks supplied by a third party who had not been deceived."). Instead, Plaintiff alleges that "Multiple Councilmembers . . . knowingly failed to disclose material financial conflicts of interest . . . violat[ing] . . . federal standards of honest services." Am. Compl.

¶ 41(b). But the federal honest-services-fraud statute doesn't apply to a "mere failure to disclose a conflict of interest" absent allegations of a bribery or kickback scheme. *See Skilling*, 561 U.S. at 410.

### C.    Plaintiff has not adequately alleged statutory standing or proximate causation.

Plaintiff has not adequately pleaded statutory standing or proximate cause. The statute requires that Plaintiff's injury occurs "by reason of a violation of section 1962." 18 U.S.C. § 1964(c). As the Supreme Court put it, a plaintiff only has standing under the civil RICO statute if "he has been injured in his business or property by the conduct constituting the violation." *Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479, 496 (1985). "Courts sometime refer to these requirements as RICO standing or statutory standing." *HCB Fin. Corp. v. McPherson*, 8 F.4th 335, 338 (5th Cir. 2021). This standing requirement mandates "some direct relation between the injury asserted and the injurious conduct alleged." *Holmes v. Sec. Inv. Prot. Corp.*, 503 U.S. 258, 268 (1992). This means Plaintiff must show an injury "caused by predicate acts." *Anza v. Ideal Steel Supply Corp.*, 547 U.S. 451, 453 (2006); *Lightning Lube, Inc. v. Witco Corp.*, 4 F.3d 1153, 1190 (3d Cir. 1993) ("In order to recover under [18 U.S.C. § 1962(b)], a plaintiff must show injury from the defendant's acquisition or control of an interest in a RICO enterprise, in addition to injury from the predicate acts."); *Jackson v. NAACP*, 546 Fed. App'x 438, 442 & n.4 (5th Cir. 2013) (affirming dismissal of § 1962(b) claim because the plaintiff could not "establish proximate causation between this injury and the RICO predicate acts").

Here, Plaintiff's allegations of "injurious conduct" are that certain non-Freeport LNG defendants misrepresented their addresses and failed to disclose conflicts of interest.[6] There is no relation between this alleged conduct and Plaintiff's alleged injury (her employment termination). Even taking Plaintiff's allegations as true, the injury she suffered was because her employer decided to terminate her—not because of alleged deficiencies in listing addresses or disclosing conflicts of interest. *See Anza*, 547 U.S. at 458 ("The cause of [Plaintiff's] asserted harms, however, is a set of actions [being terminated by her employer] entirely distinct from the alleged RICO violation [misrepresenting addresses and failing to disclose conflicts of interests]."). Because Plaintiff's alleged injury was caused by the decision to terminate her employment—rather than the alleged RICO violations— Plaintiff fails to allege proximate cause.

## III.    Plaintiff fails to adequately allege a RICO conspiracy under 18 U.S.C. § 1962(d).

Plaintiff's final cause of action for a RICO conspiracy under 18 U.S.C. § 1962(d) likewise fails because (1) no underlying RICO violation is adequately pleaded, and (2) the only allegations of conspiracy are wholly conclusory and devoid of factual support.

"In order to demonstrate a RICO conspiracy under § 1962(d), [Plaintiff] must demonstrate (1) that two or more people agreed to commit a substantive RICO offense and (2) that [Freeport LNG] knew of and agreed to the overall objective of the RICO offense."

---

[6]    The alleged violations of the Texas Open Meetings Act and a Texas whistleblower statute are not predicate acts under the statute's definition. *See* 18 U.S.C. § 1961(1)(A); *see supra* Part II.B.

*Chaney v. Dreyfus Serv. Corp.*, 595 F.3d 219, 239 (5th Cir. 2010) (quoting *United States v. Sharpe*, 193 F.3d 852, 869 (5th Cir. 1999)). Freeport LNG "cannot be held liable for a RICO conspiracy merely by evidence that [it] associated with other conspirators or by evidence that places [Freeport LNG] in a climate of activity that reeks of something foul." *Id.* (cleaned up). Instead, Plaintiff must plead facts that indicate Freeport LNG, at a minimum, "'was subjectively aware of a high probability of the existence of the illegal conduct.'" *Id.* at 240 (quoting *United States v. Faulkner*, 17 F.3d 745, 766 (5th Cir. 1994)). Freeport LNG's knowledge cannot be alleged through "a corporation's collective knowledge"; instead, Plaintiff must adequately allege actual, subjective awareness "in at least one individual." *Id.* at 241 (citing *Southland Sec. Corp. v. INSpire Ins. Sols., Inc.*, 365 F.3d 353, 366 (5th Cir. 2004)). Plaintiff does not (and cannot) assert allegations that meet this standard.

**First**, Plaintiff's RICO-conspiracy claim fails because she has failed to allege an underlying RICO violation. "In order to demonstrate a RICO conspiracy under § 1962(d), a plaintiff must demonstrate that (1) two or more people agreed to commit a substantive RICO offense, and (2) the defendant knew of and agreed to the overall objective of the RICO offense." *State Farm Mut. Auto. Ins. Co. v. Complete Pain Sols., LLC*, 2024 WL 3488256, at *9 (S.D. Tex. 2024) (citing *Chaney*, 595 F.3d at 239). Unlike in the criminal RICO context, "to establish civil liability for a RICO conspiracy, a claimant must allege injury from an act that is independently wrongful under RICO." *Id.* (citing *Beck v. Prupis*, 529 U.S. 494, 507 (2000)). "Thus, when a plaintiff fails to properly allege a violation of § 1962(c) [or here, § 1962(b)], his § 1962(d) claim is without basis." *Id.* Here, because

Plaintiff fails to allege an underlying RICO violation for the reasons explained above, the conspiracy claim fails too.

*Second*, even if Plaintiff had adequately alleged an underlying RICO violation (she hasn't), Plaintiff's conspiracy claim is still inadequately pleaded because, as explained above, it consists wholly of unsupported, implausible, and conclusory assertions that Freeport LNG conspired—with no factual allegations explaining how Freeport LNG "was subjectively aware" of any allegedly unlawful conduct. *See Chaney*, 595 F.3d at 241. To validly state a civil RICO conspiracy, plaintiffs must "allege . . . nonconclusory facts indicating that the defendants . . . entered into an[] agreement with one another to commit the predicate acts that form the basis of Plaintiff's conspiracy charge." *Steed v. HB1 Alt. Holdings, LLC*, 2024 WL 1590159, at *8 (S.D. Tex. 2024). Plaintiff must (but does not) "plausibly allege an agreement" through something other than conclusory assertions. *Id.* Plaintiff's allegations of a conspiracy go no further than conclusion:

- "Defendants knowingly and willfully conspired to violate 18 U.S.C. § 1962(b), by agreeing to acquire and maintain control over the Town of Quintana through a pattern of racketeering activity." Am. Compl. ¶ 53.

- "Defendants formed an agreement—explicit or tacit—to use their fraudulent candidacies, concealed financial conflicts, and coordinated municipal actions to preserve Freeport LNG's favorable tax arrangements and eliminate any internal opposition to such arrangements, including Plaintiff." *Id.* ¶ 54.

- "In furtherance of the conspiracy, at least one conspirator committed overt predicate acts, including [listing of the alleged predicate acts]." *Id.* ¶ 55.

- "Each Defendant knew the unlawful objectives of the conspiracy, agreed to facilitate them, and took steps in furtherance of the scheme. Whether or not each Defendant personally committed two predicate acts, each agreed that others would commit acts of racketeering to achieve the conspiracy's aims." *Id.* ¶ 56.

- "As a result of Defendants' conspiracy, Plaintiff suffered injuries to her employment, income, professional standing, and constitutional rights." *Id*. ¶ 57.

Because nothing in these allegations adequately alleges a conspiracy or Freeport LNG's knowledge of the alleged conspiracy, Plaintiff's RICO-conspiracy claim must be dismissed. *See Altholz v. Citimortgage, Inc.*, 2012 WL 12886979, at *7 (N.D. Tex. 2012) ("[A] bare listing of elements without reference to any factual allegations does not survive a Rule 12(b)(6) motion.").

## CONCLUSION

For the foregoing reasons, the Court should dismiss Counts 2, 3, and 5 in the Amended Complaint against Freeport LNG with prejudice.

- 20 -

Dated:  August 29, 2025

Respectfully submitted,

*/s/ James E. Zucker*
James E. Zucker
State Bar No. 24060876
Alishan Alibhai
State Bar No. 24121498
Henry J. Humphreys
State Bar No. 24136401
YETTER COLEMAN LLP
811 Main Street, Suite 4100
Houston, Texas 77002
Telephone: (713) 632-8000
Facsimile: (713) 632-8002
jzucker@yettercoleman.com
asalibhai@yettercoleman.com
hhumphreys@yettercoleman.com

*Attorneys for Defendant Freeport LNG*
*Development, L.P.*

## Certificate of Service

I certify that on August 29, 2025, a copy of this document was served on all counsel of record using the Court's e-filing system.

*/s/ Alishan Alibhai*
Alishan Alibhai

- 21 -