UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| TAMMI LOCKHART CIMIOTTA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CITY OF QUINTANA, TEXAS, | ) | |
| FREEPORT LNG DEVELOPMENT, | ) | |
| L.P., VENANZIO "MIKE" CASSATA, | ) | |
| in his official and individual capacities, | ) | |
| JUDITH CAMILLE TYNER, in her | ) | Civil Action No.  3:25-cv-00220 |
| official and individual capacities, SUE | ) | |
| ANN TULEY, in her official and | ) | |
| individual capacities, STEVE GRANT | ) | |
| ALONGIS, in his official and | ) | |
| individual capacities,  REBECCA | ) | |
| BUTTON, in her official and individual | ) | |
| capacities, and SHARI LYNN | ) | |
| WRIGHT, in her individual capacity, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT FREEPORT LNG DEVELOPMENT, L.P.'S
REPLY IN SUPPORT OF MOTION TO DISMISS UNDER FRCP 12(B)(6)**

Plaintiff Tammi Lockhart Cimiotta's Response fails to cure the fundamental defects in her Amended Complaint. Despite offering new arguments and conclusory assertions, Plaintiff still does not allege facts sufficient to state a claim against Defendant Freeport LNG Development, L.P. ("Freeport LNG") under § 1983 or the civil RICO statute. Accordingly, defendant Freeport LNG respectfully requests the Court grant Freeport LNG's Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6) (Dkt. 28, the "Motion") and requests that every claim against Freeport LNG be dismissed with prejudice.

*First*, Plaintiff's Response does not change that the Amended Complaint fails to allege joint action under § 1983. Plaintiff never alleges specific facts necessary to show an "agreement or meeting of the minds" between Freeport LNG and the City of Quintana.

*Second*, Plaintiff fails to plead a civil RICO claim against Freeport LNG under 18 U.S.C. § 1962(b). RICO liability requires that each defendant commit at least two predicate acts. None of Plaintiff's supposed predicates are attributable to Freeport LNG. Plaintiff also fails to connect her alleged injuries with the alleged predicate acts.

*Third*, Plaintiff's civil RICO conspiracy claim under 18 U.S.C. § 1962(d) fails for the same reason: she alleges no underlying RICO violation. Moreover, the Amended Complaint offers only boilerplate allegations of each defendant's knowledge that are insufficient to allege conspiracy.

*Finally*, the Court should deny leave to amend, as any amendment would be futile.

### ARGUMENTS AND AUTHORITIES

**I.    Plaintiff's § 1983 claim against Freeport LNG (Count 2) fails because the Amended Complaint does not plead state action or any specific allegations involving Freeport LNG.**

Plaintiff's conspiracy and joint action claim under 42 U.S.C. § 1983 fails because Plaintiff has not alleged state action as to Freeport LNG and the Amended Complaint does not allege any conduct specific to Freeport LNG.

### A.    Plaintiff fails to allege state action as to Freeport LNG.

Plaintiff's Response does not change that her Amended Complaint failed to allege Freeport LNG was a "'willful participant in joint activity with the State or its agents.'" *Priester v. Lowndes County*, 354 F.3d 414, 420 (5th Cir. 2004) (quoting *Cinel v. Connick*,

15 F.3d 1338, 1343 (5th Cir. 1994)). Plaintiff argues Freeport LNG is a willful participant in the alleged scheme because (1) a low-level Freeport LNG employee notarized a document, (2) Freeport LNG pays its employees, including Councilwoman Button and former Mayor Wright, (3) "Freeport LNG or affiliates" own certain residential property, and (4) Plaintiff was terminated "immediately before a scheduled meeting with Freeport LNG." Dkt. 30-2 at 2-3.

This is insufficient to allege joint action. To hold a private actor liable under § 1983, "the plaintiff must allege facts showing an agreement or meeting of the minds between the state actor and the private actor to engage in a conspiracy to deprive the plaintiff of a constitutional right." *Polacek v. Kemper County*, 739 F. Supp. 2d 948, 952 (S.D. Miss. 2010). The Response never identifies an alleged communication between Freeport LNG with City officials—much less an agreement or meeting of the minds to engage in a conspiracy. This is insufficient to allege joint action. *See* Dkt. 28 at 7-10. The additional allegations Plaintiff offers in her Response do not rescue her § 1983 claim, nor could further amendment, which would be futile.

Plaintiff attempts to distinguish *Polacek* and *Priester* by asserting, without any substantive explanation, that this case involves "specific, concrete acts of coordination between Freeport LNG employees and city officials." Dkt. 30-2 at 4. However, the allegations in *Polacek* were far more detailed than those in this case. The *Polacek* allegations included the identities of specific individuals at the plaintiff's former employer who allegedly made false statements to law enforcement, the dates those statements were made, and the motives behind them. *Polacek*, 739 F. Supp. 2d at 950. Nonetheless, the

court held those allegations insufficient to support an inference of joint action. *Id.* at 953-54. The Amended Complaint here falls short of even that standard, as it lacks comparable detail or specificity. Similarly, as in *Priester*, the Amended Complaint fails to allege any specific facts demonstrating Freeport LNG's participation in the alleged scheme. *See Priester*, 354 F.3d at 420 (failure to "allege specific facts to show an agreement" mandated dismissal at pleading stage).

### B.   Plaintiff fails to allege any specific, affirmative action by Freeport LNG.

Tellingly, Plaintiff does not address Freeport LNG's argument that *Lugar* is limited to converting private conduct into state action for purposes of § 1983. *See Lugar v. Edmonson Oil. Co.*, 457 U.S. 922, 942 (1982). As the Motion explained, the § 1983 claim is defective because it fails to offer any specific allegations of conduct committed by Freeport LNG. Dkt. 28 at 10.

## II.   Plaintiff fails to state a civil RICO claim under 18 U.S.C. § 1962(b).

### A.   Plaintiff fails to plead predicate acts committed by Freeport.

The Response does not address the Motion's key point regarding civil RICO: Plaintiff failed to allege that Freeport—rather than some other defendant—committed two predicate acts. A defendant is not liable for civil RICO unless ***that defendant*** committed at least two predicate acts. *Gonzalez v. Bank of Am.*, 2011 WL 13261985, at *5 (S.D. Tex. 2011) ("*each* defendant [must] commit at least two predicate acts within ten years") (emph. in original); Dkt. 28 at 11-12 (collecting cases).

Plaintiff's Response does not engage with this requirement. Instead, Plaintiff asserts that the alleged predicate acts are "directly involving" or "tie Freeport LNG directly" to an

alleged scheme. Dkt. 30-2 at 4. However, as explained in the Motion, pleading acts merely "involving" Freeport LNG is insufficient to allege a claim under § 1962(b). Dkt. 28 at 11-12. Because Plaintiff did not respond to the argument that the Amended Complaint fails to allege any predicate acts committed by Freeport LNG, Plaintiff has abandoned this claim. *See Wesner v. Southall*, 772 F. Supp. 3d 700, 707 (N.D. Tex. 2023) ("When a non-moving party files a response to a motion to dismiss and fails to include an argument about a claim that the motion seeks to have the Court dismiss, the Court may determine that the nonmoving party has abandoned the unaddressed claim.").

Indeed, Plaintiff cannot plausibly allege that Freeport LNG committed two predicate acts. Neither the Response nor any further amendment could cure this fundamental deficiency. Although Plaintiff contends that several predicate acts have been adequately pleaded, none are attributable to Freeport LNG. Each of Plaintiff's alleged predicates is addressed in turn below.

**Mail and Wire Fraud.** Plaintiff alleges that "Mayor Cassata filed a false ballot application listing a Freeport LNG-owned residence as his domicile. That filing was notarized by Nicole Sams, a Freeport LNG employee." Dkt. 30-2 at 4. The subject of the preceding sentence is revealing: it is *Mayor Cassata* who is alleged to have filed a false ballot application—not Freeport LNG. And even if a low-level employee's notarization of the document were sufficient involvement (it isn't), courts have uniformly held that the actions of such an employee cannot be imputed to a defendant to determine civil RICO liability. *See Werner Enters., Inc. v. Picus S.A. de C.V.*, 2015 WL 13901927, at *5 (S.D. Tex. 2015) ("[R]espondeat superior cannot serve as the basis of liability for a civil RICO

suit."); *First Nat. Bank of Louisville v. Lustig*, 727 F. Supp. 276, 280 (E.D. La. 1989) ("[W]e hold that *respondeat superior* can *never* be the basis of liability for a civil RICO suit") (emph. in original); *In re Uplift RX, LLC*, 667 B.R. 665, 700 (Bankr. S.D. Tex. 2024) (suggesting only actions by a partner can be imputed to a partnership for civil RICO purposes).

Plaintiff's bare citation to *McMillan* and *Caldwell* is unavailing. *See* Dkt. 30-2 at 4. *McMillan* addresses two issues: whether a misrepresentation must be directed at the scheme's victim and whether a victim's property rights were affected by misrepresentations. *United States v. McMillan*, 600 F.3d 434, 449 (5th Cir. 2010). Neither issue is relevant to the question here—namely, whether Plaintiff has alleged sufficient facts demonstrating *Freeport LNG*, as opposed to another person or entity, committed the predicate act of mail or wire fraud. As for *Caldwell*, it is unclear why Plaintiff relies on this case's discussion of pleading standards in criminal cases, which is inapposite to this civil case. *See United States v. Caldwell*, 302 F.3d 399, 409-10 (5th Cir. 2002) (stating the criminal indictment must "conform[] to minimal constitutional standards" not applicable in civil cases). Federal Rule 9(b) imposes a heightened pleading standard for fraud allegations in *civil* cases. Plaintiff's subsequent discussion of Rule 9(b) similarly falls flat because the who, what, when, where, and how must be specifically alleged as to each predicate act, rather than simply lumped together. *See* Dkt. 30-2 at 7.

*__Honest Services Fraud.__* Next, Plaintiff alleges that:

Councilmembers Button and Wright accepted employment, salaries, and benefits from Freeport LNG while failing to disclose conflicts of interests . . . . By continuing to receive compensation from Freeport LNG while

influencing official actions favorable to it, their conduct falls within the . . . "bribery/kickback core" of 18 U.S.C. § 1346.

Dkt. 30-2 at 4-5.

The Amended Complaint describes the honest-services-fraud predicate as being premised on councilmembers' "knowing[] fail[ure] to disclose material financial conflicts of interests, despite receiving income from . . . Freeport LNG." Dkt. 8 at 11. After the Motion explained undisclosed conflicts of interest are not covered by the honest-services-fraud statute, the Response retreats from this characterization, insisting the alleged predicate is no "mere nondisclosure." Dkt. 30-2 at 4; *see also Skilling v. United States*, 561 U.S. 358, 409-10 (2010) (holding § 1346 is unconstitutional to the extent it covers nondisclosure of a conflicting financial interest).

Regardless how the predicate is characterized, Plaintiff cannot allege Freeport LNG committed honest services fraud on these facts, so any amendment would be futile. Honest services fraud requires a quid pro quo, which cannot include ordinary employee compensation, which is all that Plaintiff alleges here. *See United States v. Scruggs*, 916 F. Supp. 2d 670, 677-78 (N.D. Miss. 2012) (honest services fraud by bribery "requires a *quid pro quo*—i.e., specific intent to give or receive something of value in exchange for an official act"); *United States v. Brown*, 459 F.3d 509, 522 (5th Cir. 2006) (rejecting honest services fraud based on "employee compensation"); *Skilling*, 561 U.S. at 393 (explaining honest services fraud, as constitutionally narrowed, "draws content . . . from federal statutes") (citing 18 U.S.C. §§ 201(b), 666(a)(2)); 18 U.S.C § 666(c) (bribery statute does not apply to "bona fide salary"); 18 U.S.C. § 2607(c) (excluding "fees, salaries,

- 7 -

compensation, or other payments" from kickback statute). In the Response, Plaintiff newly alleges an independent predicate of bribery under Tex. Penal Code § 36.02 and 18 U.S.C. § 1961(1)(A). Even if the Amended Complaint were again amended to allege bribery, the bribery predicate would fail for the same reason—Freeport LNG cannot be held liable for merely compensating its employees.

*Obstruction of Government Proceedings.* Plaintiff argues that "the conflicted Council . . . conducted an unposted 'executive session' to suspend and effectively terminate Plaintiff." Dkt. 30-2 at 5.

Plaintiff does not attempt to explain how this alleged predicate can survive the Motion, given its failure to allege any action committed by Freeport and its failure to explain why an alleged violation of state municipal-governance law is actionable under RICO. *See* Dkt. 28 at 12-13, 15. No amendment could cure these issues.

### B.    Plaintiff has not adequately alleged statutory standing or proximate causation.

Plaintiff has not adequately pleaded statutory standing or proximate cause. Plaintiff's injury resulted from the City of Quintana's decision to fire her—not the commission of the alleged predicate acts. *See Jones v. Enterprise Rent A Car Co. of Tex.*, 187 F. Supp. 2d 670, 677 (S.D. Tex. 2002) (collecting cases holding that a civil RICO claim fails where an employment-termination injury is not caused by an act of racketeering). Plaintiff's own cited cases support Freeport LNG's position. Notably, *Abraham* did not hold that the plaintiff had RICO standing "where economic harm directly flowed from scheme." *See* Dkt. 30 at 6; *Abraham v. Singh*, 480 F.3d 351, 357 (5th Cir.

2007). Instead, *Abraham* dismissed the Section 1962(b) claim at the pleading stage because the complaint failed to allege causation. *Abraham*, 480 F.3d at 357. Moreover, Plaintiff assumes "economic harm" (Dkt. 30-2 at 6), but the Supreme Court has recently cast doubt on whether loss of employment is an injury redressable by the civil RICO statute. *See Medical Marijuana, Inc. v. Horn*, 604 U.S. 593, 600 (2025) (stating the loss-of-employment theory "may or may not be right").

## III.     Plaintiff's Response does not rescue the conspiracy claim.

Plaintiff's conspiracy claim still consists of nothing more than unsupported, implausible, and conclusory assertions that Freeport LNG conspired—with no factual allegations explaining how Freeport LNG "was subjectively aware" of any allegedly unlawful conduct. *See Chaney v. Dreyfus Serv. Corp.*, 595 F.3d 219, 241 (5th Cir. 2010). To validly state a civil RICO conspiracy, plaintiffs must "allege . . . nonconclusory facts indicating that the defendants . . . entered into an[] agreement with one another to commit the predicate acts that form the basis of Plaintiff's conspiracy charge." *Steed v. HB1 Alt. Holdings, LLC*, 2024 WL 1590159, at *8 (S.D. Tex. 2024). Plaintiff must (but does not) "plausibly allege an agreement" through something other than conclusory assertions. *Id.*

## IV.     Any amendment would be futile.

The Court should not grant Plaintiff leave to amend because any such amendment would be futile. If the proposed amended complaint "would be subject to dismissal, then amendment is futile." *Martinez v. Nueces County*, 71 F.4th 385, 391 (5th Cir. 2023) (rulings on leave to amend are reviewed for abuse of discretion, but the analysis mirrors that of a motion to dismiss when leave to amend is denied for futility alone); *Porretto v.*

*City of Galveston Park Bd. Of Tr.*, 113 F.4th 469, 491 (5th Cir. 2024) (it is not an abuse of discretion to deny a "bare bones" request to amend that fails to explain what the amended complaint would newly allege).

Plaintiff's Response admits there are no new facts to allege; instead, Plaintiff suggests the same allegations "can be amplified" if the Court determines "greater particularity is required." Dkt. 30-2 at 9. But as explained above, even if these same allegations are true, the Amended Complaint still would not state a claim against Freeport LNG—even with "amplified" facts. Because Plaintiff cannot raise any allegations supporting legal claims under § 1983 or the civil RICO statute, any amendment here would be futile and still not survive a motion to dismiss:

### § 1983: Joint action

Plaintiff cannot rescue the § 1983 claim through amendment because she cannot allege that Freeport LNG agreed "to engage in a conspiracy to deprive the plaintiff of a constitutional right." *Polacek*, 739 F. Supp. 2d at 952. Instead, Plaintiff contends that paying employees, renting properties, and an employee's notarizing a document rise to the level of joint action. This theory fails as a matter of law; no amendment could change this.

### §1983: No allegation of Freeport LNG conduct

Similarly, Plaintiff does not contend that she would amend to newly allege certain conduct by Freeport LNG. Plaintiff defends the Amended Complaint, arguing it already contains all the facts Plaintiff believes suffice to allege a § 1983 claim. Because that is wrong as explained above, any amendment of the § 1983 claim would be futile for this independent reason.

- 10 -

**<u>Civil RICO: No predicate acts committed by Freeport LNG</u>**

No amendment would salvage the civil RICO claim under § 1962(b). Plaintiff's civil RICO claim falters not because Plaintiff forgot to allege some fact but because Plaintiff's contentions do not amount to a violation of the statute by Freeport LNG. Again, an employee's notarization of a document, paying salaries, and renting property is not actionable under civil RICO, and no amendment could change this.

**<u>Civil RICO: No standing or causation</u>**

Plaintiff's injury stems from her employer's decision to fire her—not from any action by Freeport LNG. Because Plaintiff's employment injury was not caused by Freeport LNG—and because it's unclear, due to the Supreme Court's statement in *Medical Marijuana, Inc.*, whether her alleged injury is even redressable under the civil RICO statute—no new allegations can save the RICO claim. *See Medical Marijuana, Inc.*, 604 U.S. at 600 (casting doubt on whether loss of employment is an injury to "business or property" as required for a civil RICO claim).

**<u>RICO conspiracy: No facts suggest subjective awareness</u>**

Finally, Plaintiff's conspiracy claim would fail even if the Court granted leave to amend. Plaintiff has not indicated that there are any new facts that she would allege to purportedly show a grand conspiracy between Freeport LNG and the local municipality. Because there is no such conspiracy, Plaintiff cannot allege a RICO-conspiracy claim, even if granted leave to amend. Although the Response argues the allegations in the Amended Complaint could be "amplified" with "greater particularity," she does not identify any new facts that will be alleged. The Court should take Plaintiff at her word and deny leave to

amend—otherwise, the parties will be forced to re-brief the dispositive deficiencies in the Amended Complaint.

## CONCLUSION

For the foregoing reasons, the Court should dismiss Counts 2, 3, and 5 in the Amended Complaint against Freeport LNG with prejudice.

Dated:  October 2, 2025

Respectfully submitted,

*/s/ James E. Zucker*
James E. Zucker
State Bar No. 24060876
Alishan Alibhai
State Bar No. 24121498
Henry J. Humphreys
State Bar No. 24136401
YETTER COLEMAN LLP
811 Main Street, Suite 4100
Houston, Texas 77002
Telephone: (713) 632-8000
Facsimile: (713) 632-8002
jzucker@yettercoleman.com
asalibhai@yettercoleman.com
hhumphreys@yettercoleman.com

*Attorneys for Defendant Freeport LNG Development, L.P.*

## Certificate of Service

I certify that on October 2, 2025, a copy of this document was served on all counsel of record using the Court's e-filing system.

*/s/ Alishan Alibhai*
Alishan Alibhai