UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| TAMMI LOCKHART CIMIOTTA | § | |
|                       Plaintiff | § | |
| | § | |
| v. | § | |
| | § | |
| CITY OF QUINTANA, TEXAS, | § | |
| FREEPORT LNG DEVELOPMENT, | § | |
| L.P.,, VENANZIO "MIKE" CASSATA, | § | |
| in his official and individual capacities, | § | CIVIL ACTION NO. 3:25-cv-220 |
| JUDITH CAMILLE TYNER, in her | § | |
| official and individual capacities, SUE | § | |
| ANN TULEY, in his official and | § | |
| individual capacities, STEVE | § | |
| ALONGIS, in his official and individual | § | |
| capacities, and REBECCA BUTTON, in | § | |
| his official and individual capacities, | § | |
| and SHARI LYNN WRIGHT in her | § | |
| individual capacities. | | |
|                       *Defendants* | | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT FREEPORT LNG DEVELOPMENT, L.P.'S MOTION TO DISMISS**

Respectfully submitted,

**CLAY THOMAS PC**

By: */s/ Clay Dean Thomas*
Clay Dean Thomas
Texas Bar No. 24088520
15344 West State Highway 21
Douglass, Texas 75943
Tel: (936) 715-7144
Email: legal@claythomaspc.com

Counsel for Plaintiff

Contents

**I. INTRODUCTION** ............................................................................................................................. 1

**II. LEGAL STANDARD** ................................................................................................................... 2

**III. ARGUMENT & AUTHORITIES** ............................................................................................ 2

A. Plaintiff Plausibly Alleges Joint Action and State Action Under 42 U.S.C. § 1983 . 2

B. Plaintiff States a Valid Civil RICO Claim 18 U.S.C. § 1962(b) ......................................... 5

C. Plaintiff States a Valid RICO Conspiracy - 18 U.S.C. § 1962(d) .................................... 9

D. Ultra Vires Claims Provide Independent Relief ................................................................ 10

E. In the Alternative, Leave to Amend Should Be Granted ................................................ 10

**IV. CONCLUSION** ............................................................................................................................ 11

**Cases**

*Abraham v. Singh*, 480 F.3d 351 (5th Cir. 2007) ................................................................... 8

*Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970) ................................................................ 3

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ................................................................................... 2

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) .................................................................. 2

*Bridge v. Phoenix Bond & Indem. Co.*, 553 U.S. 639 (2008) ................................................. 8

*Chaney v. Dreyfus Serv. Corp.*, 595 F.3d 219 (5th Cir. 2010) .............................................. 10

*City of El Paso v. Heinrich*, 284 S.W.3d 366 (Tex. 2009) .................................................... 10

*Cornish v. Corr. Servs. Corp.*, 402 F.3d 545 (5th Cir. 2005) ................................................. 3

*Crowe v. Henry*, 43 F.3d 198 (5th Cir. 1997) ....................................................................... 10

*Daigre v. City of Waveland, Miss.* 549 F. App'x 283 (5th Cir. 2013) (unpublished). .............. 3

*Dennis v. Sparks*, 449 U.S. 24 (1980) ..................................................................................... 3

*Foman v. Davis*, 371 U.S. 178 (1962) ................................................................................... 11

*Hart v. Bayer Corp.*, 199 F.3d 239 (5th Cir. 2000) ............................................................... 11

*HCB Fin. Corp. v. McPherson*, 8 F.4th 335 (5th Cir. 2021) .................................................. 8

*Holmes v. Sec. Investor Prot. Corp.*, 503 U.S. 258 (1992) ..................................................... 8

*Lugar v. Edmondson Oil Co.*, 457 U.S. 922 (1982) ................................................................ 3

*Polacek v. Kemper Cnty. Miss.* , 739 F. Supp. 2d 948 (S.D. Miss. 2010) ............................... 3

*Priester v. Lowndes Cnty.*, 354 F.3d 414 (5th Cir. 2004) ....................................................... 3

*Ramming v. United States*, 281 F.3d 158 (5th Cir. 2002) ..................................................... 11

*Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479 (1985) .............................................................. 2

*Skilling v. United States*, 561 U.S. 358 (2010) ....................................................................... 6

*Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134 (5th Cir. 1992) ................................. 9

*United States v. Caldwell*, 302 F.3d 399 (5th Cir. 2002) ....................................................... 6

*United States v. Elliott*, 571 F.2d 880 (5th Cir. 1978) ......................................................9, 10

*United States v. Marmolejo*, 89 F.3d 1185 (5th Cir. 1996) .................................................... 7

*United States v. McMillan*, 600 F.3d 434 (5th Cir. 2010) ...................................................... 6

*United States v. Teel*, 691 F.3d 578 (5th Cir. 2012) ............................................................. 6

*United States v. Welch*, 327 F.3d 1081 (10th Cir. 2003) ....................................................... 7

*United States v. Whitfield*, 590 F.3d 325 (5th Cir. 2009) ...................................................... 6

**Statutes**

18 U.S.C. § 1341 ................................................................................................................... 5

18 U.S.C. § 1343 ................................................................................................................... 5

18 U.S.C. § 1346 ................................................................................................................... 6

18 U.S.C. § 1961(1)(A) ...................................................................................................... 6, 7

18 U.S.C. § 1962(b) .............................................................................................................. 5

18 U.S.C. § 1962(d) .............................................................................................................. 9

18 U.S.C. §1961(5) ............................................................................................................... 7

18 U.S.C. §1964(c) ............................................................................................................... 8

42 U.S.C. § 1983 ............................................................................................................... 1, 2

Tex. Loc. Gov't Code § 171.004 .......................................................................................... 6

Tex. Penal Code § 36.02 ...................................................................................................... 6

Tex. Penal Code §36.02 ....................................................................................................... 6

**Rules**

Fed. R. Civ. P. 12(b)(6) .............................................................................................. 1, 2, 11

Fed. R. Civ. P. 15(a)(2) ..................................................................................................... 10

Fed. R. Civ. P. 9(b) .......................................................................................................... 2, 9

PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT FREEPORT LNG DEVELOPMENT, L.P.'S MOTION TO DISMISS

**I. INTRODUCTION**

This case arises from the unlawful retaliation against Plaintiff Tammi Lockhart Cimiotta, the former City Administrator of Quintana, Texas, after she publicly urged the City Council to renegotiate—or lawfully tax—Freeport LNG Development, L.P.'s ("Freeport LNG") massive real estate holdings. Within weeks, a conflicted Council acting in tandem with Freeport LNG orchestrated her removal in violation of the First and Fourteenth Amendments, 42 U.S.C. § 1983, the Racketeer Influenced and Corrupt Organizations Act ("RICO"), and Texas law.

Freeport LNG now seeks dismissal under Fed. R. Civ. P. 12(b)(6), portraying itself as a detached private company. But Plaintiff's Amended Complaint alleges specific, concrete acts tying Freeport LNG to the retaliatory scheme: notarizing false candidacy filings, employing and housing council members, benefitting directly from conflicted votes, and orchestrating Plaintiff's removal on the eve of a scheduled PILOT renegotiation. At the pleadings stage, these allegations more than suffice to establish plausible joint action, state action, and RICO liability.

The motion should be denied.

## II. LEGAL STANDARD

A Fed. R. Civ. P. 12(b)(6) motion tests the sufficiency of the pleadings, not the merits. The Court must accept all well-pleaded facts as true and draw reasonable inferences in Plaintiff's favor. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). A claim has "facial plausibility" when factual content allows the Court to reasonably infer liability. *Iqbal*, 556 U.S. at 678.

Fraud-based predicate acts in RICO claims are subject to Rule 9(b), but knowledge and intent "may be alleged generally." Fed. R. Civ. P. 9(b). Courts are lenient at the pleading stage where complex schemes and relationships between public and private actors are at issue. See *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 497, 105 S.Ct. 3275, 87 L.Ed.2d 346 (1985) (civil RICO is to be "liberally construed to effectuate its remedial purposes").

## III. ARGUMENT & AUTHORITIES

A. Plaintiff Plausibly Alleges Joint Action and State Action Under 42 U.S.C. § 1983

Freeport LNG argues Plaintiff fails to allege state action. This ignores multiple specific allegations:

1. **False Candidacy Filing** – Mayor Cassata falsely claimed residency at a Freeport LNG–owned address; his application was notarized by Nicole Sams, a Freeport LNG employee (Am. Compl. ¶ 22, Ex. 14).

2. **Employment/Financial Dependence** – Councilwoman Button is a current Freeport LNG regulatory specialist; former Mayor Wright was a full-time Freeport LNG employee during her tenure as Mayor (¶¶ 26–27).

3. **Housing Control** – Freeport LNG or affiliates own the residences of multiple council members, ensuring dependency and influence (¶ 20).

4. **Coordinated Termination** – Plaintiff was removed immediately before a scheduled meeting with Freeport LNG to renegotiate PILOT agreements (¶¶ 28–30).

These facts suffice to plead joint action under *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 941, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982) (private parties act under color of state law when engaged in joint activity with officials); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152, 90 S.Ct. 1598, 26 L.Ed. 2d 142 (1970) (tacit participation is sufficient); and *Dennis v. Sparks*, 449 U.S. 24, 27–28, 101 S.Ct. 183, 66 L.Ed.2d 185 (1980) (private actors conspiring with judge deemed state actors). The Fifth Circuit has consistently held that a private entity entwined with municipal functions may be deemed a state actor. See *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 550 (5th Cir. 2005).

Freeport LNG relies on *Polacek v. Kemper Cnty. Miss.*, 739 F. Supp. 2d 948 (S.D. Miss. 2010) and *Priester v. Lowndes Cnty.*, 354 F.3d 414 (5th Cir. 2004). But unlike those cases, Plaintiff alleges specific, concrete acts of coordination between Freeport LNG employees and city officials.

*1. Structural Entwinement Demonstrates State Action*

Beyond direct joint action, the Amended Complaint also pleads *entwinement* between Freeport LNG and the City of Quintana sufficient to render Freeport LNG's conduct "fairly attributable to the State." *Brentwood Acad. v. Tennessee Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 296 (2001); *Evans v. Newton*, 382 U.S. 296, 301 (1966). Under *Brentwood*, a nominally private entity acts under color of state law when it is "entwined with governmental policies or when government is entwined in its management or control." Id. at 296.

Here, the Complaint alleges that Freeport LNG's financial, residential, and operational integration with the municipality made it a de facto governing partner. It paid the City's operating revenues through PILOT agreements, employed voting councilmembers, housed others in LNG-owned residences, and directly notarized the ballot filing that enabled Mayor Cassata's candidacy. This is not an "arm's-length commercial relationship" as in *Manhattan Cmty. Access Corp. v. Halleck*, 587 U.S. 802 (2019), but rather functional entwinement—a private corporation exercising sustained influence over municipal decision-making.

When a private entity so dominates local governance that its actions are intertwined with official decision-making, courts have consistently treated its conduct as state action. See *Brentwood*, 531 U.S. at 302 (entwinement where private association "in effect, exercised delegated governmental power"); *Evans*, 382 U.S. at 302 (private

4

trustees maintaining a municipal park acted as the city's alter ego). Freeport LNG's pervasive role in Quintana's governance therefore satisfies both the "joint action" and "entwinement" tests under *Lugar* and *Brentwood*. Its conduct is properly attributable to the City, and Plaintiff's § 1983 claim states a plausible basis for relief.

B. Plaintiff States a Valid Civil RICO Claim 18 U.S.C. § 1962(b)

**1. Predicate Acts Directly Involving Freeport LNG**

The Complaint identifies the RICO enterprise as the *City of Quintana's governing apparatus and Freeport LNG acting in concert to maintain control over municipal decision-making affecting the PILOT arrangement.* This joint municipal-corporate structure constitutes an "association-in-fact" enterprise under 18 U.S.C. § 1961(4), comprising a continuing unit with a common purpose—preserving Freeport LNG's favorable tax and regulatory position through coordinated acts of public and private officials. See *Boyle v. United States*, 556 U.S. 938, 944–46 (2009) (association-in-fact enterprise exists where members function as a continuing unit pursuing a common purpose).

   a. **Mail/Wire Fraud 18 U.S.C. § 1341, 18 U.S.C. § 1343:**

      Mayor Cassata filed a false ballot application listing a Freeport LNG–owned residence as his domicile. That filing was notarized by Nicole Sams, a Freeport LNG employee, and transmitted to the City Secretary and City Attorney. The

5

use of LNG property and personnel to certify and transmit materially false representations constitutes mail and wire fraud. See *United States v. McMillan*, 600 F.3d 434, 449 (5th Cir. 2010); *United States v. Caldwell*, 302 F.3d 399, 409–10 (5th Cir. 2002).

**b. Honest Services Fraud 18 U.S.C. § 1346:**

Councilmembers Button and Wright accepted employment, salaries, and benefits from Freeport LNG while failing to disclose conflicts of interest as required by Tex. Loc. Gov't Code § 171.004. This is not a mere nondisclosure. By continuing to receive compensation from Freeport LNG while influencing official actions favorable to it, their conduct falls within the *Skilling v. United States*, 561 U.S. 358, 409–10, 130 S.Ct. 2896, 177 L.Ed.2d 619 (2010), "bribery/kickback core" of 18 U.S.C. § 1346. See also *United States v. Teel*, 691 F.3d 578, 582–83 (5th Cir. 2012) (kickback scheme sufficient for honest services fraud); *United States v. Whitfield*, 590 F.3d 325, 353 (5th Cir. 2009) (judicial bribery supports honest services fraud).

**c. Bribery – Tex. Penal Code § 36.02; 18 U.S.C. § 1961(1)(A):**

Bribery is expressly enumerated as a RICO predicate. Tex. Penal Code §36.02 criminalizes a public servant's acceptance of "any benefit" as consideration for official action. Freeport LNG's provision of jobs, salaries, housing, and other

6

benefits to councilmembers to influence municipal votes constitutes bribery under Texas law, squarely fitting 18 U.S.C. § 1961(1)(A). See *United States v. Marmolejo*, 89 F.3d 1185, 1192 (5th Cir. 1996); *United States v. Welch*, 327 F.3d 1081, 1105 (10th Cir. 2003).

**d. Obstruction of Governmental Proceedings:**

On April 23, 2025, the conflicted Council — comprised of Freeport LNG employees and beneficiaries — conducted an unposted "executive session" to suspend and effectively terminate Plaintiff. This act obstructed lawful municipal governance, silencing the official responsible for initiating PILOT renegotiation.

Together, these acts form a "pattern of racketeering activity" within the meaning of 18 U.S.C. §1961(5).

**2. Proximate Cause and Standing**

Freeport LNG argues Plaintiff's injury was caused solely by the City Council's termination decision. That misstates the chain of causation. The Complaint alleges that Plaintiff's firing was the intended, foreseeable, and direct consequence of Freeport LNG's racketeering scheme, which aimed to preserve its PILOT arrangement by eliminating the administrator who sought renegotiation. Freeport LNG's conduct was not collateral to the retaliation—it was the mechanism by which the retaliatory

7

termination was executed, directly satisfying *Anza v. Ideal Steel Supply Corp.*, 547 U.S. 451 (2006), and its "direct-relation" requirement for proximate cause under § 1964(c).

Civil RICO requires "some direct relation between the injury asserted and the injurious conduct alleged." *Holmes v. Sec. Investor Prot. Corp.*, 503 U.S. 258, 268, 112 S.Ct. 1311, 117 L.Ed.2d 532 (1992). Here, Plaintiff was the direct target of the scheme. The Supreme Court has made clear that a plaintiff need not be the immediate recipient of a misrepresentation; it is enough that the injury was a foreseeable result. *Bridge v. Phoenix Bond & Indem. Co.*, 553 U.S. 639, 653–54, 128 S.Ct. 2131, 170 L.Ed.2d 1012 (2008). See also *Abraham v. Singh*, 480 F.3d 351, 357 (5th Cir. 2007) (RICO standing where economic harm directly flowed from scheme); *HCB Fin. Corp. v. McPherson*, 8 F.4th 335, 338 (5th Cir. 2021).

Thus, Plaintiff has statutory standing under 18 U.S.C. §1964(c).

**3. Continuity**

The Complaint satisfies both closed- and open-ended continuity. Defendants' racketeering acts spanned over a decade of Freeport LNG acquisitions and benefits provided to municipal officials (2013–2025), demonstrating closed-ended continuity. Because Freeport LNG continues to employ, house, and compensate Quintana officials while future PILOT renegotiations loom, there is also a threat of ongoing racketeering — open-ended continuity. See *United States v. Elliott*, 571 F.2d 880, 903 (5th Cir.

1978) (civil RICO continuity may be shown by repeated conduct or threat of future repetition).

### 4. Fed. R. Civ. P. 9(b) Particularity

Fraud predicates have been pled with specificity:

- **Who:** Cassata, Sams (Freeport LNG), Button, Wright.
- **What:** False candidacy filings, concealment of conflicts, receipt of salaries/housing.
- **When:** February–April 2025 filings and termination; ongoing employment ties since at least 2013.
- **Where:** Quintana, Magnolia (residences, filings), LNG facilities.
- **How:** Use of LNG property, notarization by LNG staff, and financial entanglements to secure official acts.

This meets Fed. R. Civ. P. 9(b). See *Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1139 (5th Cir. 1992).

C. Plaintiff States a Valid RICO Conspiracy - 18 U.S.C. § 1962(d)

The Amended Complaint pleads that Freeport LNG and municipal officials conspired to maintain unlawful control of Quintana's governance through fraudulent candidacies, bribery, and retaliation against Plaintiff.

9

At the pleading stage, conspiracy may be inferred from circumstantial evidence. *Chaney v. Dreyfus Serv. Corp.*, 595 F.3d 219, 239–40 (5th Cir. 2010). The Fifth Circuit has repeatedly held that civil RICO conspiracy may be proven by tacit agreement and circumstantial evidence. See *United States v. Elliott*, 571 F.2d 880, 903 (1978); *Crowe v. Henry*, 43 F.3d 198, 205 (5th Cir. 1997). It is also well-settled that a conspirator need not personally commit two predicate acts if others did so in furtherance of the scheme. *Crowe*, 43 F.3d at 205.

The allegations here show Freeport LNG: (1) provided jobs, housing, and notarization services to officials; (2) benefitted directly from those officials' votes; and (3) participated in the retaliatory scheme to remove Plaintiff. This suffices to allege Freeport LNG's agreement to the conspiracy.

D. Ultra Vires Claims Provide Independent Relief

Even if federal claims are narrowed, Plaintiff seeks prospective injunctive relief against municipal officials acting beyond their lawful authority. Under *City of El Paso v. Heinrich*, 284 S.W.3d 366, 372 (Tex. 2009), ultra vires claims are cognizable where, as here, disqualified officials exceeded statutory authority in terminating Plaintiff.

E. In the Alternative, Leave to Amend Should Be Granted

Even if the Court were to conclude that Plaintiff's RICO allegations require further factual detail, dismissal with prejudice would be inappropriate. Fed. R. Civ. P. 15(a)(2)

provides that courts "should freely give leave [to amend] when justice so requires." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

The Fifth Circuit strongly favors allowing amendment at the Fed. R. Civ. P. 12(b)(6) stage unless the defect is incurable. See *Hart v. Bayer Corp.*, 199 F.3d 239, 247 n.6 (5th Cir. 2000); *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2002). Plaintiff's allegations already identify the LNG employee who notarized false candidacy filings, councilmembers employed by LNG, and the economic benefit derived from suppressing PILOT renegotiation. If greater particularity is required, these facts can be amplified.

## IV. CONCLUSION

For the foregoing reasons, the Court should deny Defendant Freeport LNG's Motion to Dismiss in its entirety. In the alternative, should the Court find that any portion of Counts 2, 3, or 5 is insufficiently pleaded, Plaintiff requests leave to amend under Rule 15(a).

WHEREFORE, Plaintiff respectfully requests that the Court deny Freeport LNG's Motion to Dismiss, or alternatively grant leave to amend, and award such other and further relief as justice requires.

Respectfully submitted,

**CLAY THOMAS PC**

        By: */s/ Clay Dean Thomas*
        Clay Dean Thomas
        Texas Bar No. 24088520
        15344 West State Highway 21
        Douglass, Texas 75943
        Tel: (936) 715-7144
        Email: legal@claythomaspc.com

**Counsel for Plaintiff**

**Certificate of Service**

I certify that on October 6, 2025, a copy of this document was served on all counsel of record using the Court's e-filing system.

        */s/ Clay Dean Thomas*
        Clay Dean Thomas