# Exhibit D

# FIFTH AMENDMENT
# TO
# EMPLOYMENT AGREEMENT

This Fifth Amendment is entered into and effective as of the 19th day of January, 2021, by and between the Town of Quintana, Texas, a Texas municipal corporation (the "**Employer**") and Tammi Cimiotta (the "**Employee**") with the Employer and the Employee sometimes being referenced collectively in this Agreement as the ("**Parties**").

## WITNESSETH

### Recitals

The Parties have heretofore entered into that certain contract entitled EMPLOYMENT AGREEMENT (the "Agreement"), which Agreement, including without limitation the definitions therein, is hereby incorporated herein by reference; and

WHEREAS, the City Council of the Town of Quintana (the "Council") and the Employee desire to have a written Employment Agreement made by and between the "Parties" to continue the employment services of the Employee as City Secretary/City Administrator of the Town of Quintana; and

WHEREAS it is the desire of the Council to: (1) secure and retain the services of the Employee and to provide inducement for her to remain in such employment; (2) make possible full work productivity by assuring the Employee's morale and peace of mind with respect to future security; and (3) act as a deterrent against malfeasance or dishonesty for personal gain on the part of the Employee; and

WHEREAS the Employee desires to continue employment as City Secretary/City Administrator of said Town of Quintana, Texas as a Council appointee; and

WHEREAS, the Parties desire to modify the Agreement as set forth in this Fourth Amendment.

### AGREEMENT

NOW THEREFORE, for and in consideration of the mutual promises, obligations, covenants and benefits herein contained the Parties contract and agree as follows:

### I

**Section 1: DEFINITIONS:** Unless the context requires otherwise, the following terms and phrases used in this Agreement shall have meanings as follows:

(1) The term "Agreement" means the Irrevocable Employment Agreement executed by the Parties on July 14, 2014.

(2) The term "Amendment" means the Fifth Amendment to Employment Agreement executed on January 19th, 2021, and any subsequent amendments that the Parties enter.

(3) The term "Commencement Date" means January 19th, 2021.

(4) The term "Extended Term" means any five-year time period, or any part thereof, during which this Agreement remains in full force and effect as a result of any automatic renewal of the terms of this Agreement.

(5) The term "Initial Term" means the five-year time period beginning on the Commencement Date and ending on January 19th, 2026, during which this Irrevocable Agreement shall be in full force and effective.

(6) The term "Involuntary Separation" has the meaning assigned in Section 5.C.

(7) The term "Salary" means the monetary amount stated in Section 6.A., of this Agreement that the Employee is entitled to as an annual base for regular gross payment for the full term of each annual year or, if no longer current, then the monetary amount that the Employee is currently entitled to as annual base salary as approved by the Council-and does not include the value of any other benefit of employment or other amount.

(8) The term "Termination Date" means the date upon which this Agreement terminates under any applicable provision of this Irrevocable Agreement.

## II

**Section 2: DUTIES.** The Employer hereby continues to engage the employment services of the Employee as City Secretary/City Administrator of the Town of Quintana to perform the functions and duties prescribed by the governing body of the Town of Quintana and Chapter 22 of the Local Government Code. The City Secretary/City Administrator shall perform the duties required by law, ordinance, resolution or order. The tasks delegated to the position of City Secretary/City Administrator include, but are not limited to, the following:

Section 2 A. City Secretary Duties.

    (1) Administer Open Record Requests

    (2) Provide assistance to the public

    (3) Prepare ceremonial items

    (4) Supervise the codification, supplement and distribution of the Code of Ordinances

    (5) Maintain the official records of the city including ordinances, resolutions, contracts, deeds, easements and other legal documents

    (6) Administer Oaths



(7) Attest contracts and other legal instruments when executed by the authorized officers of the Town of Quintana

(8) Process and administer claims against the City

(9) Attend City Council Meetings as well as other Board and Commission meetings.

Section 2 B. <u>City Administrator Duties.</u>

(1) Serve as chief administrative officer of the City; assures that all laws and city ordinances are enforced; and does related work as required by City Council.

(2) Provide direct supervision for positions that are created through and by the City Council of the Town of Quintana.

(3) Attend all meetings of the City Council, taking part in discussions and recommending Council action as appropriate and develops official minutes of the proceedings.

(4) Advise Council of the financial condition and needs of the City;

(5) Assures the annual budget is prepared by the Mayor and submitted to the City Council;

(6) Assist in the monitoring of finances to assure that the City operates within its budget;

(7) Be the general accountant, treasurer of the City by receiving and securing all monies belonging to the municipality, and make all payments for the same observing the regulations described in the Texas Municipal Law and Procedures Manual relating to municipal depositories, investments, budgeting, financial controls, municipal borrowing and taxations.

(8) Execute applications for grant funding in the form of a resolution, ordinance or motion of the City Council.

(9) Execute deeds and contracts on behalf of the City when authorized by ordinance, resolution or motion of the City Council.

(10) Research and reviews City ordinances and exercise supervision of the investigations and research for ordinances and resolutions on subjects of need recommended by the City Council.

(11) Assist the City Attorney in following Council action, processes official documents (such as ordinances, resolutions, contracts, etc.) to obtain necessary signatures, authentication/certification, distribution, filing and other activities necessary to implement Council action.

(12) Responsible for election orders, canvass and all legal notices.

(13) Process official publication of notices and ordinances.

(14) Answer inquiries from public and city officials regarding ordinances and status of City Council communications and other official actions.

(15) Prioritize work activities with close adherence to both City and State laws.

(16) Update municipal code.

(17) Accept claims for damages and other legal papers served on the City.

(18) Purchase necessity items for the town of up to $10000.00 per day to be used for daily operations or emergencies that may arise or health and/or safety matters that may arise.

### III

**Section 3. TERM.**

A. The Initial Term of this Agreement is five years beginning on the 19th day of January, 2021 and ending on the 19th day of January, 2026.

B. The term of this Agreement shall automatically renew for an Extended Term unless City Council provides Employee written notice of non-renewal 30 days prior to the expiration of the Initial Term. An Extended Term shall automatically renew unless City Council provides written notice of non-renewal 30 days prior to the expiration of an Extended Term.

C. This Agreement may be terminated before the expiration of the Initial Term or before the expiration of any subsequent Extended Term by the Employer or the Employee under any applicable provision of this Agreement. If the Employer terminates this Agreement, it must do so either by: (1) following the procedures set forth in Section 4 of this Agreement; (2) providing a notice of non-renewal in accordance with this Agreement. The Employee may terminate this Agreement by providing at least 30 days written notice to the Employer before the date designated by the Employee for termination.

### IV

**Section 4. INVOLUNTARY SUSPENSION/REMOVAL.** The Employer may suspend or remove the Employee, but only if at least 30 days before the suspension or removal shall become effective, the Council shall by a majority vote of its members adopt a preliminary resolution stating the reasons for removal. Employee may reply in writing and may require a hearing at a public meeting of the Council, which shall be held not earlier than 20 days and not later than 30 days after the filing of such request. The hearing may be held in executive session, at the option of the Council, unless Employee requests the hearing be held in open session in accordance with Tex.

Gov't Code § 551.074. Pending such hearing, the Council may suspend Employee from duty, but may not suspend or reduce the Employee's Pay/Salary. After such hearing or public hearing, and after full consideration, the Council by majority vote may adopt a final resolution of removal or reinstatement. This Agreement shall be deemed to terminate on the effective date of a final Resolution for Removal.

V

### Section 5. SEPARATION AND SEVERANCE PAY

A. Upon involuntary separation of employment occurring during the Initial or Extended Term, the Employee shall be entitled to a lump sum severance payment equal to the remainder of the five-year contract of the Employee's Total Compensation due upon removal.

B. Notwithstanding Section 5.A., or any other provision of this Irrevocable Agreement, the Employer *shall not be obligated* to pay and the Employee shall not be entitled to receive any amount as severance payment if the Employee's separation from employment is due to the Employee having been convicted of any felony offense or any non-felony offense involving an illegal act(s) resulting in personal gain to the Employee.

C. Involuntary Separation" means the Employee's (1) removal by the Council under Section 4 of this Agreement; Separation by the Council's act of non-renewal of the Initial or Extended Term as set forth in Section 3.B. of this Agreement; or the Employee's resignation upon the Council's reduction or threatened reduction in the Employee's Regular Pay or Salary or other financial benefits in a greater percentage than a coinciding across-the-board reduction for all Town's employees; or any significant changes of job duty requirements that differ from the proper duties for said position; or if harassment from superiors is proven to prevent the employee from performing her job duties in said position. Upon employment separation, the calculation of the amount of any severance pay due and owing under this Agreement shall be based on the amount of the Employee's Total Compensation immediately before any such reduction.

VI

### Section 6. SALARY

A. For the services rendered as the Employer's City Secretary/City Administrator, the Employer agrees to pay Employee an annual salary of $ _143,750_.00. All provisions of Council-adopted Rules and Regulations relating to the vacation and sick leave, retirement and pension system contribution, holidays, and other fringe benefits and working conditions as they now exist shall apply to Employee as they would to other employees of the Town, which benefits include health insurance, retirement under the Texas Municipal Retirement System, and other benefits as provided to other Town employees.

B. In addition, Employer agrees to increase the Employee's Pay or Salary and/or other employment benefits to such extent as the Council determines within the approved budget and is desirable to do based on the performance of the Employee made at the same time as similar consideration is given to other Town Employees.

## VII

### Section 7. HOURS OF WORK

The Parties recognize that Employee may choose to take personal time off during business hours when it is appropriate and when the Employee's duties allow. Although this personal time off is not considered vacation, as the Parties agree that the Employee must devote the amount of time necessary to fulfill those duties.

## VIII

### Section 8. BONDING

Employer shall bear the full cost of any fidelity or other bonds that may be required of the Employee.

## IX

### Section 9. GENERAL PROVISIONS

The text herein shall constitute the entire agreement between the Parties, and shall supersede and replace any previous agreement(s) between the Parties regarding the subject matter of this Irrevocable Employment Agreement. This Irrevocable Agreement shall be binding upon and inure to the benefit of the heirs at law and executors of Employee.

If any provision, or any portion, thereof, contained in this Agreement is held unconstitutional, invalid, or unenforceable, the remainder of this Agreement, or portion thereof, shall be deemed severable, shall not be affected and shall remain in force and effect. The venue of any litigation involving this Agreement shall be in a court of competent jurisdiction sitting in Brazoria County, Texas.

## X

### Section 10. APPROPRIATIONS

The Employer agrees that it will appropriate, set aside and encumber funds of the Town, in an amount sufficient to fund and pay all financial obligations of the Town pursuant to this Agreement, including but not limited to the severance pay, Salary and benefits set forth and described herein.

## Section 11. EFFECTIVE DATE

This Agreement shall take effect on January 19th, 2021.

IN WITNESS, WHEREOF, the Mayor as duly authorized by the Council and on behalf of the Town of Quintana, has signed and executed this Irrevocable Agreement and the Employee has signed and executed this Irrevocable Agreement, both in duplicate, the day and year first above written.

IN THE TOWN OF QUINTANA, COUNTY OF BRAZORIA, TEXAS;

It is therefore Agreed, Approved and Signed this 19th day of January, 2021.

TAMMI CIMIOTTA, CITY SEC/ADM.    STEVE ALONGIS, MAYOR



NOTARY



Jennie Hope Williamson

**ORIGINAL**