## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## GALVESTON DIVISION

| | | |
|---|---|---|
| **TAMMI LOCKHART CIMIOTTA** | | |
| **Plaintiff** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **CITY OF QUINTANA, TEXAS,** | § | |
| **FREEPORT LNG DEVELOPMENT,** | § | |
| **L.P.,, VENANZIO "MIKE"** | § | |
| **CASSATA, in his official and** | § | **CIVIL ACTION NO. 3:25-cv-220** |
| **individual capacities, JUDITH** | § | |
| **CAMILLE TYNER, in her official** | § | |
| **and individual capacities, SUE ANN** | § | |
| **TULEY, in his official and individual** | § | |
| **capacities, STEVE ALONGIS, in his** | § | |
| **official and individual capacities, and** | § | |
| **REBECCA BUTTON, in his official** | § | |
| **and individual capacities, and SHARI** | § | |
| **LYNN WRIGHT in her individual** | | |
| **capacities.** | | |
| *Defendants* | | |

PLAINTIFF'S CONSOLIDATED RESPONSE AND EVIDENTIARY OBJECTION TO
DEFENDANTS' MOTION TO DISMISS (DKT. 36)

Respectfully submitted,

**CLAY THOMAS PC**

By: */s/ Clay Dean Thomas*
Clay Dean Thomas
Texas Bar No. 24088520
15344 West State Highway 21
Douglass, Texas 75943
Tel: (936) 715-7144
Email: legal@claythomaspc.com

Counsel for Plaintiff

Contents

PLAINTIFF'S CONSOLIDATED RESPONSE AND EVIDENTIARY OBJECTION TO
DEFENDANTS' MOTION TO DISMISS (DKT. 36) ................................................................. 1

I. INTRODUCTION ............................................................................................................... 1

II. STANDARD OF REVIEW .............................................................................................. 1

III. ARGUMENT AND AUTHORITIES ............................................................................. 1

A. Plaintiff Plausibly Alleges a First Amendment Retaliation Claim .................................... 1

B. Fourteenth Amendment Due-Process Violation ................................................................. 3

C. Monell Liability Against the City ....................................................................................... 3

D. Section 1983 Conspiracy .................................................................................................... 4

E. RICO Claims Under 18 U.S.C. § 1962(b) and (d) ............................................................. 4

F. Ultra Vires Acts Under Texas Law ..................................................................................... 5

IV. EVIDENTIARY AND RULE 12(d) OBJECTIONS ..................................................... 6

V. CONCLUSION AND PRAYER ....................................................................................... 6

**Cases**

*Abraham v. Singh*, 480 F.3d 351 (5th Cir. 2007) .......................................................... 5

*Anderson v. Valdez*, 845 F.3d 580 (5th Cir. 2016) ........................................................ 3

*Armstrong v. Ashley*, 60 F.4th 262 (5th Cir. 2023) ....................................................... 5

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ......................................................................... 1

*Beattie v. Madison Cnty. Sch. Dist.*, 254 F.3d 595 (5th Cir. 2001) ................................ 3

*Bryan Cnty. v. Brown*, 520 U.S. 397 (1997) .................................................................. 4

*Charles v. Grief*, 522 F.3d 508 (5th Cir. 2008) ............................................................. 2

*Cinel v. Connick*, 15 F.3d 1338 (5th Cir. 1994) ............................................................ 5

*City of El Paso v. Heinrich*, 284 S.W.3d 366 (Tex. 2009) ............................................. 7

*Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532 (1985) ......................................... 4

*Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496 (5th Cir. 2000) ......................... 8

*Gibson v. Kilpatrick*, 773 F.3d 661 (5th Cir. 2014) ...................................................... 2

*Harris v. Galveston Cnty.*, No. 3:24-CV-223, 2025 WL 1019969, at *1 (S.D. Tex. Apr. 4, 2025). 7

*Lone Star Fund LP v. Barclays Bank Plc*, 594 F.3d 383 (5th Cir. 2010) .................................. 2, 8

*N. Cypress Med. Ctr. Operating Co. v. Cigna Healthcare*, 781 F.3d 182 (5th Cir. 2015) ............. 6

*Pembaur v. City of Cincinnati*, 475 U.S. 469 (1986) ..................................................... 4

*Schaper v. City of Huntsville*, 813 F.2d 709 (5th Cir. 1987) ......................................... 4

*Sedima v. Imrex Co.*, 473 U.S. 479 (1985) .................................................................... 6

*White v. U.S. Corrections, L.L.C.*, 996 F.3d 302 (5th Cir. 2021) ................................... 1

**Statutes**

18 U.S.C. §§ 1341 ........................................................................................................... 5

18 U.S.C. §§ 1343 ........................................................................................................... 5

42 U.S.C. § 1983 ................................................................................................................. 1

Tex. Gov't Code § 551.041 ................................................................................................ 5

**Rules**

Fed. R. Civ. P. 12(b)(6) ................................................................................................. 1, 3

PLAINTIFF'S CONSOLIDATED RESPONSE AND EVIDENTIARY OBJECTION TO
DEFENDANTS' MOTION TO DISMISS (DKT. 36)

## I. INTRODUCTION

Defendants ask this Court to dismiss a detailed, evidence-supported complaint alleging corruption,

retaliation, and constitutional violations arising from Plaintiff Tammi Lockhart Cimiotta's removal

as City Administrator of Quintana, Texas. The Motion to Dismiss (Dkt. 36) recasts protected

public-interest speech as a mere job duty, ignores well-pleaded factual allegations, and relies on

extra-record exhibits that contradict each other. Under Rule 12(b)(6) , the Court must accept

Plaintiff's allegations as true and draw all inferences in her favor. When this standard is applied,

Plaintiff states plausible claims under the First and Fourteenth Amendments, 42 U.S.C. § 1983,

the Racketeer Influenced and Corrupt Organizations Act (RICO), and Texas ultra vires law.

## II. STANDARD OF REVIEW

A complaint survives dismissal if it states "a claim to relief that is plausible on its face." *Ashcroft
v. Iqbal*, 556 U.S. 662, 678 (2009). Courts must accept well-pleaded facts as true and draw every

reasonable inference in the plaintiff's favor. *White v. U.S. Corrections, L.L.C.*, 996 F.3d 302, 306–

07 (5th Cir. 2021). The Court may not resolve factual disputes or weigh evidence on a motion to

dismiss. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

## III. ARGUMENT AND AUTHORITIES

A. Plaintiff Plausibly Alleges a First Amendment Retaliation Claim

**1. Speech as a citizen on a matter of public concern.**

Plaintiff publicly advised the Council at an open meeting that it should renegotiate Freeport LNG's

industrial-district tax agreement, exposing an ongoing conflict of interest and loss of public

1

revenue. (Am. Compl. ¶¶ 28–30). These disclosures involve government integrity and tax legality—core public concerns. *Gibson v. Kilpatrick*, 773 F.3d 661, 668–70 (5th Cir. 2014).

Exhibit A (March 18 Agenda, Doc. 36-1 at 2–3) shows no item regarding the Freeport LNG contract, confirming Plaintiff's speech fell outside her official duties. Section 2B of her employment agreement (Doc. 36-4 § 2B) lists administrative tasks but does not include taxation or industrial-district negotiations. Whether speech falls within official duties is a factual question, not resolvable on the pleadings. *Charles v. Grief*, 522 F.3d 508, 513 (5th Cir. 2008)…

Defendants rely on *Harmon v. Dallas County*, 927 F.3d 884 (5th Cir. 2019), and *Howell v. Town of Ball*, 827 F.3d 515 (5th Cir. 2016), but both are factually distinct. In *Harmon*, the plaintiff's speech arose entirely from internal audits performed within his job duties, and in *Howell* the employee's comments were internal communications up the chain of command. By contrast, Plaintiff's disclosure occurred publicly at an open council meeting on a matter of community taxation and governmental integrity—speech external to her role and directed to citizens and officials alike. At the pleading stage, such context precludes dismissal because determining whether an employee spoke as a citizen is a **fact-intensive question** unsuited for resolution under Rule 12(b)(6).

## 2. Adverse action and causal link.

Within eight days of her disclosure, the Mayor and conflicted Council suspended her and locked her out of City Hall (Am. Compl. ¶ 30). Temporal proximity alone supports causation. *Beattie v. Madison Cnty. Sch. Dist.*, 254 F.3d 595, 604 (5th Cir. 2001).

## 3. Qualified immunity is premature.

2

Plaintiff alleges violation of a clearly established right—freedom from retaliation for exposing corruption. *Anderson v. Valdez*, 845 F.3d 580, 595 (5th Cir. 2016). Whether her statements were made as a citizen or employee involves factual disputes about motive and context, rendering qualified immunity inappropriate on a Rule 12(b)(6) record. *Kinney v. Weaver*, 367 F.3d 337, 350–52 (5th Cir. 2004) (en banc).

B. Fourteenth Amendment Due-Process Violation

The Employment Agreement guarantees that Plaintiff may be terminated only "for cause" and requires a written statement of reasons and a pre-termination hearing before the City Council. (Doc. 36-4 § 4). This contractual protection creates a property interest in continued employment. *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 546 (1985).

Defendants rely on Exhibit E (June 3, 2025 Minutes, Doc. 36-5 at 5–6) to claim Plaintiff was "given a public hearing." The record contradicts that claim: the June 3 minutes show a *post-suspension vote* in executive session, not a hearing with notice or opportunity to respond. Exhibit D mandates 30 days' notice before removal; no such notice exists. The June 3 "special meeting" occurred after her termination and cannot retroactively satisfy due process. *Schaper v. City of Huntsville*, 813 F.2d 709, 716 (5th Cir. 1987) (post-deprivation review cannot cure lack of pre-deprivation process). The Fifth Circuit has long held that public employees with contractual "for-cause" protection are entitled to pre-termination notice and hearing. *Caine v. Hardy*, 943 F.2d 1406, 1412–13 (5th Cir. 1991) (en banc). Because no such notice or opportunity occurred here, the deprivation of Plaintiff's protected property interest is constitutionally infirm.

C. Monell Liability Against the City

The Mayor and Council constitute the City's final policymaking body. Their acts therefore represent municipal policy. *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480 (1986). The

Complaint alleges a persistent custom of retaining conflicted officials and retaliating against those who expose wrongdoing (Am. Compl. ¶¶ 21–27). Exhibit E's 5–0 termination vote—taken by the same conflicted council—further demonstrates policymaker involvement, satisfying *Bryan Cnty. v. Brown*, 520 U.S. 397 (1997).

D. Section 1983 Conspiracy

Plaintiff alleges that the Council and Freeport LNG conspired to preserve Freeport LNG's favorable tax treatment by removing her. (Am. Compl. ¶¶ 35–36). These allegations include specific participants, timing, and overt acts—well beyond conclusory assertions. *Armstrong v. Ashley*, 60 F.4th 262, 280 (5th Cir. 2023). Exhibit B (April 23, 2025 Agenda, Doc. 36-2 at 2) and Exhibit C (April 23, 2025 Minutes, Doc. 36-3 at 2–3) demonstrate collusion among council members and the City Attorney to convene an unposted or misleading meeting that resulted in her suspension. Whether Freeport LNG coordinated with these actors is a factual issue reserved for discovery. *Cinel v. Connick*, 15 F.3d 1338, 1343 (5th Cir. 1994).

E. RICO Claims Under 18 U.S.C. § 1962(b) and (d)

**1. Enterprise and pattern.**

The enterprise is the Town of Quintana itself—a municipal entity engaged in interstate commerce through LNG infrastructure. Defendants used the enterprise to perpetuate control through false filings, conflicts of interest, and retaliation. *Abraham v. Singh*, 480 F.3d 351, 357 (5th Cir. 2007).

**2. Predicate acts.**

Exhibit B shows Plaintiff's signature used on the April 23 posting that served as the mechanism for her own termination. (Doc. 36-2 at 2). This unauthorized use constitutes mail/wire fraud under 18 U.S.C. §§ 1341–1343. Exhibit C lists Plaintiff as "present" at the meeting where she was

4

suspended, though she had already been locked out of City Hall—evidence of falsified public records, a second predicate act. These acts form a pattern of racketeering activity used to maintain control of the municipality for Freeport LNG's benefit. *Sedima v. Imrex Co.*, 473 U.S. 479, 496 (1985).

## 3. Conspiracy under § 1962(d).

Having alleged a viable § 1962(b) violation, Plaintiff also pleads that Defendants knowingly agreed to commit racketeering acts to maintain control of the City. *N. Cypress Med. Ctr. Operating Co. v. Cigna Healthcare*, 781 F.3d 182, 203 (5th Cir. 2015).

Defendants' reliance on *Cullom v. Hibernia Nat'l Bank*, 859 F.2d 1211 (5th Cir. 1988), is misplaced. *Cullom* rejected a terminated employee's attempt to sue under RICO where the only injury was loss of employment. Here, the injury is not mere job loss but the **systematic manipulation of municipal control** and falsification of public records to preserve an enterprise benefiting Freeport LNG. This structural corruption constitutes an injury to "business or property" within § 1964(c) and falls outside *Cullom*'s limitation.

## F. Ultra Vires Acts Under Texas Law

Even apart from federal law, the April 23 and June 3 meetings were conducted without a lawfully qualified quorum. Exhibit E shows two concurrent meetings on June 3—"Regular" and "Special"—with overlapping agendas, violating Tex. Gov't Code § 551.041. The actions were therefore ultra vires and void. *City of El Paso v. Heinrich*, 284 S.W.3d 366, 372 (Tex. 2009). Plaintiff seeks declaratory and injunctive relief to prohibit further unlawful employment actions by disqualified officials.

## IV. EVIDENTIARY AND RULE 12(d) OBJECTIONS

1. **Improper Reliance on Disputed Exhibits**

   Defendants attach Exhibits A–E and ask the Court to accept their contents as true. The Court may notice their existence but not their truth. *Harris v. Galveston Cnty.*, No. 3:24-CV-223, 2025 WL 1019969, at *1 (S.D. Tex. Apr. 4, 2025). Exhibits B, C, and E contain factual inconsistencies—who attended, what was voted on, and when—that preclude dismissal.

2. **Contradictions Within Defendants' Own Evidence**

   Exhibit D (§ 4) requires pre-termination notice and a hearing; Exhibit E shows termination without such notice. Exhibit B bears Plaintiff's signature, raising issues of authorization. Exhibit C's claim that Plaintiff was present conflicts with her exclusion from City Hall. These contradictions themselves create triable factual disputes under *Lone Star Fund LP v. Barclays Bank Plc*, 594 F.3d 383, 387 (5th Cir. 2010).

3. **Rule 12(d) Preservation**

   Should the Court rely on these exhibits to resolve factual issues, Plaintiff requests conversion of the motion to one for summary judgment under Rule 56, or exclusion of the documents entirely. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000).

## V. CONCLUSION AND PRAYER

Defendants' own attachments confirm that Plaintiff was deprived of due process, retaliated against for protected speech, and targeted through an unlawful and conflicted municipal process. Because material factual disputes exist and the Complaint states plausible claims under the First and

Fourteenth Amendments, § 1983, RICO, and Texas law, the Motion to Dismiss (Dkt. 36) should be denied in its entirety.

Plaintiff respectfully requests that the Court order Defendants to answer within fourteen (14) days and grant all further relief, at law or in equity, to which she may be justly entitled.

**Respectfully submitted,**

CLAY THOMAS PC

By*: /s/ Clay Dean Thomas*
**Clay Dean Thomas**
Texas Bar No. 24088520
15344 W. State Highway 21
Douglass, Texas 75943
Tel: (936) 715-7144
Email: legal@claythomaspc.com
**COUNSEL FOR PLAINTIFF**

7