IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| TAMMI LOCKHART CIMIOTTA, § | |
| § | |
| *Plaintiff,* § | |
| § | |
| v. § | CIVIL ACTION NO. 3:25-cv-00220 |
| § | JURY DEMAND |
| CITY OF QUINTANA, TEXAS, *et al.,* § | |
| § | |
| *Defendants.* § | |

**QUINTANA DEFENDANTS' REPLY IN SUPPORT OF THEIR
MOTION TO DISMISS PLAINTIFF'S AMENDED ORIGINAL COMPLAINT**

Defendants CITY OF QUINTANA, TEXAS ("City"), MAYOR VENANZIO "MIKE" CASSATA ("Mayor Cassata"), COUNCILMEMBER JUDITH CAMILLE TYNER ("Councilmember Tyner"), COUNCILMEMBER SUE ANN TULEY ("Councilmember Tuley"), COUNCILMEMBER STEVE ALONGIS ("Councilmember Alongis"), COUNCILMEMBER REBECCA BUTTON ("Councilmember Button"), and FORMER-MAYOR SHARI LYNN WRIGHT ("Wright") (collectively referred to as the "Quintana Defendants") file this Reply in Support of their Motion to Dismiss Plaintiff Tammi Lockhart Cimiotta's ("Cimiotta") First Amended Complaint ("Amended Complaint"),[1] and in support thereof, the Quintana Defendants would show the Court as follows.

---

[1] Defs.' Motion to Dismiss, Dkt. No. 36.

# TABLE OF AUTHORITIES

**CASES**

*Abraham v. Singh*, 480 F.3d 351, 357 (5th Cir. 2007) ...................................................... 11

*Allstate Ins. Co. v. Benhamou*, 190 F. Supp. 3d 631, 657–58 (S.D. Tex. 2016) ................ 13

*Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012) ......................................................... 8

*Chauhan v. Formosa Plastics Corp.*, 212 F.3d 595, 595 (5th Cir.2000) ............................. 3

*Davis v. CenturyTel Broadband Servs., LLC*, No. 3:22-CV-038,
2023 WL 4944656, at *4 (S.D. Tex. July 12, 2023) .......................................................... 12

*Davis v. McKinney*, 518 F.3d 304, 313 (5th Cir. 2008) ................................................. 7, 12

*Diamond Beach Owners Ass'n v. Stuart Dean Co.*, No. 3:18-CV-00173,
2018 WL 7291722, at *4 (S.D. Tex. Dec. 21, 2018) ........................................................... 4

*Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) ............................ 4, 5

*Foerster v. Bleess*, No. 20-20583, 2022 WL 38996, at *4 (5th Cir. Jan. 4, 2022) .............. 7

*Fraire v. City of Arlington*, 957 F.2d 1268, 1278 (5th Cir. 1992) ..................................... 10

*Gibson v. Kilpatrick*, 773 F.3d 661 (5th Cir. 2014) ............................................................ 6

*Harris v. Wal-Mart Stores Texas, LLC*, No. 3:19-CV-00248,
2020 WL 4726757, at *13 (S.D. Tex. May 6, 2020) ......................................................... 10

*Howell*, 827 F.3d at 525; *Benson*, 2022 WL 17847242 at *3 ............................................. 8

*Izadjoo v. Helix Energy Sols. Grp., Inc.*, 237 F. Supp. 3d 492, 506 (S.D. Tex. 2017) ........ 3

*Jefferson as Next Friend of C.J. v. Waxahachie ISD Bd. of Trs.*,
No. 3:24-CV-01904-E, 2025 WL 2775154, at *8 (N.D. Tex. Sept. 3, 2025) ...................... 9

*Jefferson v. Lead Indus. Ass'n, Inc.*, 106 F.3d 1245, 1250 n.14 (5th Cir. 1997) ................. 4

*Lewkut v. Stryker Corp.*, 724 F. Supp. 2d 648, 653 (S.D. Tex. 2010) ................................. 3

*Maryland Manor Assocs. v. City of Houston*, 816 F. Supp. 2d 394,

404 n.5 (S.D. Tex. 2011) .................................................................................................. 4

*N. Cypress Med. Ctr. Operating Co. v. Cigna Healthcare*,
781 F.3d 182, 203 (5th Cir. 2015) ............................................................................ 11, 13

*Nguyen v. City of Houston*, No. CV H-25-441, 2025 WL 1148676,
at *4 (S.D. Tex. Apr. 18, 2025) ....................................................................................... 4

*Pineda v. City of Houston*, 291 F.3d 325, 328 (5th Cir. 2002) ......................................... 10

*Ramos v. Erwin*, 723 F. Supp. 3d 529, 535 (S.D. Tex. 2024) ............................................. 3

*Terry Black's Barbeque, L.L.C. v. State Auto. Mut. Ins. Co.*, 22 F.4th 450,
459 (5th Cir. 2022) ........................................................................................................ 12

*Vanderbilt Mortg. & Fin., Inc. v. Flores*, 735 F. Supp. 2d 679, 700 (S.D. Tex. 2010) ...... 12

*Woodcock v. Marathon Petroleum Co., LP*, No. 3:18-CV-00192,
2019 WL 1676187, at *3 (S.D. Tex. Mar. 29, 2019) ....................................................... 4

**STATUTES**

18 U.S.C. § 1962(a) ........................................................................................................... 13

18 U.S.C. § 1962(b) ........................................................................................... 2, 3, 11, 13

18 U.S.C. § 1962(c) ................................................................................................. 2, 3, 13

18 U.S.C. § 1962(d) ........................................................................................................... 13

18 U.S.C. §§ 1341–1343 ..................................................................................................... 5

42 U.S.C. § 1983 ................................................................................................................. 2

## I. SUMMARY OF THE ARGUMENT

Cimiotta's Consolidated Response and Evidentiary Objection to Defendants' Motion to Dismiss ("Response")[2] fails to identify any factual allegations which cure the legal deficiencies identified in the Quintana Defendants' Motion to Dismiss ("Motion").[3]

As an initial matter, the Court should overrule Cimiotta's objection to the documents attached to the Quintana Defendants because the well-established precedent of this Court demonstrates that the Court may properly consider such documents when ruling on a motion to dismiss without converting the motion to one for summary judgment.

Likely in tacit acknowledgment that she fails to allege facts establishing a First Amendment retaliation claim, Cimiotta improperly asserts new facts that are not included in her Amended Plaintiff's Original Complaint ("Amended Complaint")[4] in a futile attempt to salvage her First Amendment claim. Moreover, *assuming arguendo*, Cimiotta sufficiently pleads a First Amendment retaliation claim, her claim is still subject to dismissal because her Response fails to identify any factual allegation that overcomes the Individual Quintana Defendants' entitlement to qualified immunity.

Cimiotta's Response also fails to identify factual allegations that show she was not provided with a hearing and an opportunity to respond to City Council before the City terminated her employment. Instead Cimiotta attempts to muddy the water with the many liberties she takes with the exhibits attached to the Quintana Defendants' Motion. However, the City Council's agendas and meeting minutes unequivocally refute Cimiotta's allegations. Further, Cimiotta herself does not deny that she *chose* to not attend the City Council's meeting in which her termination was discussed and voted on.

1

Additionally, Cimiotta's Response fails to address the Quintana Defendants' argument that she has not alleged a *Monell* claim in a meaningful manner. Based on Cimiotta's own admission that her claim is not based on an explicit City policy, her Response offers nothing but more conclusory allegations that the City had a well-established custom of retaliating against those who expose wrongdoing.

Cimiotta's Response supports her conspiracy claim under 42 U.S.C. § 1983 ("Section 1983") no better. Although Cimiotta asserts her "allegations include specific participants, timing, and overt acts,"[5] she does not identify any factual allegations included in her Amended Complaint or the exhibits attached to the Quintana Defendants' Motion that show any of these elements, let alone any facts showing a meeting of the minds.

Lastly, Cimiotta's Response provides no support showing she has sufficiently pled claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO"). First, Cimiotta's Response still fails to identify any facts showing she suffered any injury to support her claim under 18 U.S.C. § 1962(b) ("Section 1962(b)"). Second, Cimiotta has abandoned all but her wire and mail fraud claim under 18 U.S.C. § 1962(c) ("Section 1962(c)") because she failed to respond to the other pleading deficiencies raised in the Quintana Defendants' Motion related to other predicate acts allegedly committed.[6] Although Cimiotta's Response addresses her mail and wire fraud claim, she fails to identify any facts showing she suffered an injury, and again improperly asserts new facts to salvage her mail and wire fraud claim. Additionally, because Cimiotta's Response provides no

---

[5] Dkt. No. 38, p. 4.
[6] In her Amended Complaint, Cimiotta asserted claims under Section 1962(c) for the following: (1) wire and mail fraud; (2) honest services fraud; (3) obstruction of governmental proceedings; (4) whistleblower retaliation.

support that she alleged a violation of Section 1962(b) or Section 1962(c), Cimiotta's cannot establish a conspiracy to commit certain RICO acts under 18 U.S.C. § 1962(d) ("Section 1962(d)"). Moreover, even if Cimiotta sufficiently pleads a claim under Section 1962(b) and Section 1962(c), her Response offers the same conclusory allegations as her Amended Complaint regarding an alleged conspiracy, but does not identify any factual allegations showing there was a meeting of the minds amongst any of the Quintana Defendants to commit a RICO act.

## II.   ARGUMENT & AUTHORITIES

### A.   This Court's Precedent Establishes that It May Properly Consider the Exhibits Attached to the Quintana Defendants' Motion.

The Court may consider the exhibits attached to the Quintana Defendants' Motion because Cimiotta referenced and quoted her employment agreement in her Amended Complaint, the City Council agendas and meeting minutes are public records, and all the exhibits are central to her claims against the Quintana Defendants. "A court may consider documents integral to and explicitly relied on in the complaint, that the defendant appends to his motion to dismiss, as well as the full text of documents that are partially quoted or referred to in the complaint." *Izadjoo v. Helix Energy Sols. Grp., Inc.*, 237 F. Supp. 3d 492, 506 (S.D. Tex. 2017) (Rosenthal, C.J.) (emphasis added). Additionally, "a Court may refer to matters of public record when deciding a motion to dismiss." *Lewkut v. Stryker Corp.*, 724 F. Supp. 2d 648, 653 (S.D. Tex. 2010) (Ellison, J.) (citing *Chauhan v. Formosa Plastics Corp.*, 212 F.3d 595, 595 (5th Cir.2000)); *Ramos v. Erwin*, 723 F. Supp. 3d 529, 535 (S.D. Tex. 2024) (Ellison, J.) ("When deciding a motion to dismiss, a court may also consider

3

matters of public record."). The Court "may [also] take judicial notice of the contents of public records on a Rule 12(b)(6) motion." *Jefferson v. Lead Indus. Ass'n, Inc.*, 106 F.3d 1245, 1250 n.14 (5th Cir. 1997). Accordingly, the court may consider documents attached to the Motion without converting the motion into one for summary judgment because the attached documents are public records. *Maryland Manor Assocs. v. City of Houston*, 816 F. Supp. 2d 394, 404 n.5 (S.D. Tex. 2011).

B.  **The Court Cannot Consider New Facts Cimiotta Asserts *For the First Time* In Her Response to the Quintana Defendants' Motion.**

Cimiotta attempts to cure her own pleading failures by asserting new factual allegations in her Response—which are nowhere to be found in her Amended Complaint. "But the court may not consider new facts alleged for the first time in a response to a motion to dismiss when ruling on that motion." *Nguyen v. City of Houston*, No. CV H-25-441, 2025 WL 1148676, at *4 (S.D. Tex. Apr. 18, 2025) (Rosenthal, J.) (citing *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008)). This is because "[n]ew facts submitted in response to a motion to dismiss to defeat the motion are not incorporated into the original pleadings." *Diamond Beach Owners Ass'n v. Stuart Dean Co.*, No. 3:18-CV-00173, 2018 WL 7291722, at *4 (S.D. Tex. Dec. 21, 2018) (Edison, M.J); *Woodcock v. Marathon Petroleum Co., LP*, No. 3:18-CV-00192, 2019 WL 1676187, at *3 (S.D. Tex. Mar. 29, 2019) (Edison, M.J.).

In attempt to overcome the Quintana Defendants' Motion, Cimiotta's Response includes new allegations regarding her alleged speech to City Council about the City's agreement with Freeport Development, L.P. ("Freeport LNG"), the City's liability under

4

*Monell*, and her assertion that the Individual Quintana Defendants committed wire and mail fraud in violation of RICO. As this Court and the law of this Circuit have made clear, the Court may not consider the following new factual allegations Cimiotta asserts—for the first time—in her Response and not found in her Amended Complaint:

- "Plaintiff's disclosure occurred publicly at an open council meeting on a matter of community taxation and governmental integrity—**speech external to her role and directed to citizens and officials alike.**";[7]

- "Complaint alleges **persistent custom of retaining conflicted officials and retaliating against those who expose wrongdoing.**";[8]

- "**Exhibit B shows Plaintiff's signature used on April 23, posting that served as the mechanism for her own termination . . . This unauthorized use constitutes mail/wire fraud under 18 U.S.C. §§ 1341–1343.**";[9]

- "**Here, the injury is not mere job loss but the systemic manipulation of municipal control and falsification of public records to preserve an enterprise benefitting Freeport LNG.**"[10]

"Because the court reviews only the well-pleaded facts in the complaint, it may not consider [Cimiotta's] new factual allegations made outside [her] [amended] complaint[.]" *Dorsey*, 540 F.3d at 338.

### C. Cimiotta's Response Still Fails to Identify Any Factual Allegations in Her Amended Complaint That Show She Addressed City Council as a Citizen.

Other than conclusory assertions and impermissible facts the Court is not allowed to consider, Cimiotta's Response fails to identify any factual allegations that show Cimiotta spoke as a citizen when she attended and allegedly addressed City Council regarding the

---

[7] *See* Pl.'s Consolidated Response and Evidentiary Objection to Defendants' Motion to Dismiss, Dkt. No. 38, p. 2; Amended Pl.'s Original Complaint, Dkt. No. 8.
[8] *See* Dkt. No. 38, p. 4; Dkt. No. 8.
[9] *Id*.
[10] *See* Dkt. No. 38, p. 5; Dkt. No. 8.

contract between the City and Freeport LNG. Relying on *Gibson v. Kilpatrick*, 773 F.3d 661 (5th Cir. 2014), Cimiotta's response makes the general assertion that because she spoke on alleged "governmental integrity and tax legality" her speech was protected speech. However, the Court in *Kilpatrick* stated that speech that concerns public corruption does not always mean such speech is spoken as a citizen. *Kilpatrick*, 773 F.3d at 669 ("We doubt that this discussion means that speech is as a citizen whenever public corruption is involved, as that could conflict with the opinion in *Garcetti*.").

Additionally, in addressing Section 2(b) of her employment agreement, Cimiotta completely omits addressing the fact that her explicit duties outlined in her employment agreement include the following:

- "Attend City Council Meetings as well as other Board and Commissions meetings;"[11]

- "Attend all meetings of the City Council, taking part in discussions and recommending Council action as appropriate and develops official minutes of the proceedings;"[12] and

- "Advise Council of the financial condition and needs of the City."[13]

Based on her own employment agreement, Cimiotta's attendance as the City Administrator was mandatory at City Council meetings, a fact Cimiotta does not dispute. Cimiotta attempts to persuade the Court that although she was required to attend City Council meetings as the City Administrator, her speech was not in her capacity as the City Administrator because the City Council agenda for March 18, 2025, "does not include

---

[11] *See* Cimiotta's Employment Agreement, Dkt. No. 36–4, Section 2(A)(9).
[12] *See id.*, Section 2(B)(3).
[13] *See* id., Section 2(B)(4).

taxation or industrial-district negotiations."[14] However, this is simply false because the City Council's March 18, 2025, agenda clearly states:

> Item 10: Discussion of progress on updating **industrial contracts** with Attorney Petrov.[15]

Moreover, Cimiotta does not dispute that her only alleged complaint was to City Council, nor does she deny she reported directly to City Council. Yet, Cimiotta brazenly claims that her discussion with City Council—her supervisors—does not fall into the realm of making a report up the chain of command, which is not considered protected speech. *See Davis v. McKinney*, 518 F.3d 304, 313 (5th Cir. 2008).

Accordingly, Cimiotta speech at the City Council meeting on March 18, 2025, was not protected speech even if it concerned reassessing the contract between the City and Freeport LNG because she attended the City Council meeting in her capacity as the City Administrator, reported her concerns about the contract to City Council only whom she directly reported to, and as demonstrated by her in-depth allegations regarding the contract—spoke on a matter that she obtained special knowledge and information about **only** through her employment with the City. *See Foerster v. Bleess*, No. 20-20583, 2022 WL 38996, at *4 (5th Cir. Jan. 4, 2022) (holding that the plaintiff's internal report up the chain of command showed "he never acted as a private citizen but instead was seeking within the structure of city government to perform his official duties in the most effective way he could.").

---

[14] *See* Pl.'s Consolidated Response and Evidentiary Objection to Defendants' Motion to Dismiss, Dkt. No. 38, p. 2.
[15] *See* March 18, 2025, agenda, Dkt. No. 36–1.

Assuming *arguendo*, Cimiotta states a First Amendment claim, she fails to identify facts that overcome the Individual Quintana Defendants' entitlement to qualified immunity. Instead, Cimiotta claims generally that qualified immunity is premature. But "[o]ne of the most salient benefits of qualified immunity is protection from pretrial discovery, which is costly, time-consuming, and intrusive[.]" *Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012). Thus, "a plaintiff seeking to overcome qualified immunity **must plead** specific facts that both allow the court to draw the reasonable inference that the defendant is liable for the harm he has alleged and that defeat a qualified immunity defense with equal specificity." *Id*. (emphasis added). "[A] defendant cannot be said to have violated a clearly established right unless the right's contours were sufficiently definite that any reasonable official in the defendant's shoes would have understood that he was violating it." *Howell*, 827 F.3d at 525; *Benson*, 2022 WL 17847242 at *3 ("To say that the law was clearly established, we must be able to point to controlling authority—or a robust consensus of persuasive authority—that defines the contours of the right in question with a high degree of particularity."). Here, Cimiotta fails to identify "a robust consensus of persuasive authority," *id*., that shows a public employee who was required to attend a City Council meeting and spoke in her capacity as a public employee with knowledge and information gained through her employment with the City was protected speech as a citizen.

**D.    The City Council's Agendas and Meeting Minutes Disprove Cimiotta's Allegations That She Was Not Provided a Hearing Before the City Terminated Her Employment.**

Cimiotta's Fourteenth Amendment claim fails as a matter of law because the City Council agendas and meeting minutes refute Cimiotta's claim that she was not provided a

hearing to be heard prior to the City's termination of her employment. As demonstrated by the meeting minutes from the City Council meeting on April 23, 2025, the City voted to suspend Cimiotta's employment only.[16] Additionally, the meeting minutes for the June 3, 2025, City Council meeting show that Cimiotta was offered the opportunity to address City Council's decision to suspend her employment during a public hearing, but Cimiotta and her attorney chose not to attend the meeting.[17] Despite this fact, Cimiotta wishes the Court disregard reality—that Cimiotta decided to not avail herself of the opportunity to be heard by City Council during a public hearing. Accordingly, Cimiotta cannot maintain a Fourteenth Amendment Due Process claim because she was provided with a pre-termination hearing.

E.  **Cimiotta Still Fails to Identify Factual Allegations that Establish a *Monell* Claim Aaginst the City.**

As an initial matter, Cimiotta's Response still fails to allege a violation of her constitutional rights under the First and Fourteenth Amendments. For this reason alone, Cimiotta's *Monell* claim fails.

Moreover, Cimiotta fails to plead factual allegations of a policy or custom to support her *Monell* claim. "The first element of Monell liability is that the [p]laintiff must allege facts sufficient to plausibly show the constitutional deprivation arose from an official policy or custom of the [City]." *Jefferson as Next Friend of C.J. v. Waxahachie ISD Bd. of Trs.*, No. 3:24-CV-01904-E, 2025 WL 2775154, at *8 (N.D. Tex. Sept. 3, 2025). An official

---

[16] *See* April 23, 2025, meeting minutes, Dkt. No. 36–3.
[17] *See* June 3, 2025, meeting minutes, Dkt. No. 36–5.

9

policy can be shown by (1) an explicit policy statement, ordinance, regulation, or decision officially adopted or promulgated; or (2) a custom that is the persistent, widespread practice of the school district and is so common and well settled that it fairly represents the City's policy. *Pineda v. City of Houston*, 291 F.3d 325, 328 (5th Cir. 2002).

Here, Cimiotta's Amended Complaint and Response fail to identify an explicit City policy. Moreover, Cimiotta asserts impermissible allegations regarding a City custom, but even if the Court could consider her newly asserted factual allegations, the new allegations do not sufficiently plead a *Monell* claim because they do not sufficiently show a custom. "Allegations of an isolated incident are not sufficient to show the existence of a custom or policy." *Fraire v. City of Arlington*, 957 F.2d 1268, 1278 (5th Cir. 1992). "Isolated violations are not the persistent, often repeated constant violations that constitute custom and policy." Other than Cimiotta's alleged termination, her Amended Complaint does not identify any other incidents of the City Council terminating a City employee for engaging in protected speech. Accordingly, Cimiotta has not pled facts that establish a City custom which is critically fatal to her *Monell* claim.

**F.  Cimiotta's Response Fails to Support She Alleged a Conspiracy Claim Under Section 1983 Because Her Response Reiterates the Same Conclusory Allegations Contained in Her Amended Complaint.**

Cimiotta's Response does not identify any factual allegations that show an agreement to violate Cimiotta's constitutional rights between any of the defendants. "Bald allegations that a conspiracy existed are insufficient to support a claim under [Section] 1983." *Harris v. Wal-Mart Stores Texas, LLC*, No. 3:19-CV-00248, 2020 WL 4726757, at *13 (S.D. Tex. May 6, 2020) (Brown, J.). Although Cimiotta's response claims that she

10

has alleged facts regarding the participants, timing, and overt acts, no such facts exist in her Amended Complaint.

Additionally, Cimiotta continues to wrongfully represent that the April 23, 2025, City Council meeting was an "unposted" meeting.[18] As the April 23, 2025, City Council agenda clearly shows, notice of the April 23, 2025, City Council meeting was posted on April 17, 2025.[19] To the extent Cimiotta contends that the Quintana Defendants conspired to violate her constitutional right when City Council conducted a meeting that was not properly noticed, her claim fails because the City Council's agenda undeniably shows it was properly noticed.

**G.    Cimiotta Has Either Abandoned Her Claims Under RICO or Her Response Fails to Direct the Court to Factual Allegations That Show She Has Sufficiently Pled Any Claim Under RICO.**

**Cimiotta's Response demonstrates she has not pled a plausible claim to relief under RICO. First, Cimiotta's Response still fails to identify any facts showing she was injured by the alleged acquisition of an enterprise as required under Section 1962(b). Second, Cimiotta abandons all of her claims under Section 1962(c), except for her wire and mail fraud claim. But like Cimiotta's Amended Complaint, her Response fails to identify any injury she allegedly suffered because of the alleged predicate racketeering act. Third, Cimiotta cannot maintain a claim under Section 1962(d) because she has not stated a viable claim under any other provision of RICO.**

---

[18] *See* Pl.'s Consolidated Response and Evidentiary Objection to Defendants' Motion to Dismiss, Dkt. No. 38, p. 4.
[19] *See* April 23, 2025 agenda.

1. **Cimiotta does not identify factual allegations showing she suffered an injury to support a claim under Section 1962(b).**

Cimiotta's fails to state a claim under Section 1962(b) because she has not alleged an injury stemming from the acquisition or control of an enterprise. Section 1962(b) provides that "a person cannot acquire or maintain an interest in an enterprise through a pattern of racketeering." *Abraham v. Singh*, 480 F.3d 351, 357 (5th Cir. 2007). "[Cimiotta] must show that [her] injuries were proximately caused by a RICO person gaining an interest in, or control of, the enterprise through a pattern of racketeering activity." *Abraham v. Singh*, 480 F.3d 351, 357 (5th Cir. 2007); *N. Cypress Med. Ctr. Operating Co. v. Cigna Healthcare*, 781 F.3d 182, 202 (5th Cir. 2015). Cimiotta's Response makes clear that Cimiotta's alleged injury stems from the predicate racketeering acts, "and do not suggest a distinct injury to [] [her] by virtue of [the Individual Quintana Defendants] acquiring or maintaining an enterprise." *Vanderbilt Mortg. & Fin., Inc. v. Flores*, 735 F. Supp. 2d 679, 700 (S.D. Tex. 2010). Accordingly, her claim under Section 1962(b) fails as a matter of law.

2. **The only claim Cimiotta has not abandoned under Section 1962(c) is her wire and mail fraud claim, which is still subject to dismissal because she has alleged no facts showing the alleged wire and mail fraud injured her.**

Cimiotta has abandoned her honest services fraud, obstruction of governmental proceedings, and whistleblower retaliation claims under Section 1962(c) because she has not defended these claims in her Response to the Quintana Defendants' Motion. "A plaintiff abandons claims when it fails to address the claims or oppose a motion challenging those claims." *Davis v. CenturyTel Broadband Servs., LLC*, No. 3:22-CV-038, 2023 WL

12

4944656, at *4 (S.D. Tex. July 12, 2023) (Brown, J.) (quoting *Terry Black's Barbeque, L.L.C. v. State Auto. Mut. Ins. Co.*, 22 F.4th 450, 459 (5th Cir. 2022); *see also Black v. N. Panola Sch. Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006) (holding that the failure to defend against and respond to a defendant's motion to dismiss "constituted abandonment"). Where, as here, Cimiotta's Response does not address the Quintana Defendants' Motion regarding her honest services fraud, obstruction of governmental proceedings, and whistleblower retaliation claims, the Court may properly dismiss those claims with prejudice. *See Davis*, 2023 WL 4944656, at *4.

The wire and mail fraud, the only claim Cimiotta defends, fails because there are no allegations that Cimiotta was injured by the fraud. Because Cimiotta "fails to allege that she was a target of, or proximately harmed by the fraud," her wire and mail fraud claim fails as a matter of law. *Allstate Ins. Co. v. Benhamou*, 190 F. Supp. 3d 631, 657–58 (S.D. Tex. 2016).

### 3. Because Cimiotta's Response demonstrates she has not alleged a plausible claim under Section 1962(b) or Section 1962(c), she cannot maintain a conspiracy claim under Section 1962(d).

Where, as here, Cimiotta has not pled a sufficient claim under Section 1962(b) or Section 1962(c), her claim under Section 1962(d) fails as a matter of law. "Subsection 1962(d) prohibits a conspiracy to violate §§ 1962(a), (b), or (c)." *N. Cypress Med. Ctr. Operating Co. v. Cigna Healthcare*, 781 F.3d 182, 203 (5th Cir. 2015). Without pleading a plausible claim under Section 1962(b) and Section 1962(c), "[Cimiotta] [has] failed to properly plead a claim under § 1962(d)." *Id*.

13

### III. PRAYER

Based on the foregoing reasons and the reasons contained in the Quintana Defendants' Motion, the Quintana Defendants respectfully request the Court grant their Motion and dismiss Cimiotta's First Amendment, Fourteenth Amendment, RICO, and Section 1983 claims.

Respectfully submitted,

*/s/ Carmen Jo Rejda-Ponce*

**Carmen Jo Rejda-Ponce – Attorney-in-Charge**
State Bar No. 24079149
Federal I.D. No. 1366666
crejdaponce@germer.com
**Antonio Cruz Ramirez, III**
State Bar No. 24113672
Federal I.D. No. 3515678
aramirez@germer.com
**Germer PLLC**
2929 Allen Parkway, Suite 2900
Houston, TX  77019
(713) 650-1313 – Telephone
(713) 739-7420 – Facsimile

**COUNSEL FOR DEFENDANTS, CITY OF QUINTANA, TEXAS, VENANZIO "MIKE" CASSATA, JUDITH CAMILLE TYNER, SUE ANN TULEY, STEVE ALONGIS, REBECCA BUTTON AND SHARI LYNN WRIGHT**

## CERTIFICATE OF SERVICE

      I hereby certify that on October 30, 2025, a true and correct copy of the foregoing document was electronically filed on the CM/ECF system, which will automatically serve a Notice of Electronic Filing on all known counsel of record pursuant to the Federal Rules of Civil Procedure.

*/s/ Carmen Jo Rejda-Ponce*
_____
**Carmen Jo Rejda-Ponce**